## The Fort Orange Barbering Company *vs.* The New Haven Hotel Company.

Third Judicial District, New Haven, June Term, 1917.

Prentice, C. J., Roraback, Wheeler, Beach, and Shumway, Js.

In this State the action of summary process is regulated by statute (§§ 1078–1088), and the judgment of a justice of the peace therein has the same effect as a common-law judgment in other cases. His record imports verity and its statements cannot be collaterally questioned.

A waiver of the forfeiture incurred by a tenant for a breach of his covenant to pay rent, is a good defense in an action of summary process brought by the landlord to enforce such forfeiture; but a judgment in such action in favor of the landlord is conclusive against the existence of the alleged waiver, and therefore a court of equity will not reopen that question when called upon for relief.

Proceedings in summary process can be reviewed by this court only upon a writ of error.

While courts of equity have power to relieve against judgments at law and in some instances are bound to do so, they will not act lightly but only where some well-defined, independent, equitable ground exists for restraining the enforcement of the judgment—such as fraud or accident whereby the complainant has been injured.

The rule that by failing to declare a forfeiture of a lease when the landlord has the right to do so, he thereby waives the forfeiture, rests upon the ground of estoppel, and is applicable only in cases—unlike the present—in which the lessee has incurred large expenditures or made valuable improvements in reliance that the landlord will continue of the same mind and will not assert his technical right to insist upon a forfeiture.

No demand for rent nor re-entry for condition broken is essential before bringing an action of summary process, if the lease so provides.

The cases of *Bowman* v. *Foot*, 29 Conn. 331, and *Hartford Wheel Club* v. *Travelers Ins. Co.*, 78 Conn. 355, distinguished.

Argued June 13th—decided August 2d, 1917.

Suit for an injunction to restrain the defendant from taking out execution upon, or from proceeding further with, a judgment in its favor in an action of summary process, brought to and tried by the Superior Court in

New Haven County, *Webb, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The finding shows: On the 17th day of October, 1911, the defendant leased to the plaintiff, in writing, certain space in the Hotel Taft, in New Haven, to be used as a barbering establishment, for a period of five years from the first day of September, 1912, at an annual rental of $2,700, and with an option for a renewal thereof for a further period of five years at the same rental, the rentals being payable monthly in advance. This lease, among other stipulations, provided that there was to be a forfeiture in the event of nonpayment of rent. The forfeiture clause was in the following language: "Provided, however, and it is further agreed, that if the rent shall become due and payable as aforesaid, or if the said Fort Orange Barbering Company . . . shall not perform and fulfill each and every of the covenants and stipulations herein contained to be performed by said Fort Orange Barbering Company, then this lease shall thereupon by virtue of this express stipulation therein at the option of said managers expire and terminate, and said managers may at any time thereafter re-enter said premises and the same have and possess as of their former estate, and without such re-entry may recover possession thereof in the manner prescribed by the statute relating to summary process; it being understood that no demand for rent and no re-entry for condition broken as at common law shall be necessary to enable the lessor to recover such possession pursuant to said statute relating to summary process, but that all right to any such demand or any such re-entry is. hereby expressly waived by the said Fort Orange Barbering Company."

On or before April 1st, 1912, the plaintiff entered into the leased premises and has ever since continued

to occupy the same, claiming the right to do so under the lease. The plaintiff, except upon two instances, neglected to pay the monthly rental on the first day of each month in advance. In a majority of instances these payments of rent were made after the middle of the month, and on two different occasions one payment was accepted for two months rent. All of the payments were made by check, mailed by the plaintiff from the city of New York to the defendant at New Haven. These checks were accepted by the defendant as and for the payment of rent then due and owing by the plaintiff. On September 14th, 1916, the plaintiff's rent was two months in arrears, and on this day the defendant served notice upon the plaintiff to quit possession of the premises. It was admitted upon the trial that a check for some instalment of rent was sent by the plaintiff to the defendant on September 14th, 1916, which the defendant refused to accept and returned to the plaintiff.

No evidence was offered by the plaintiff as to the amount of this check, nor as to what instalment of rent it should be applied, nor any evidence whatever concerning it. No evidence was offered by the plaintiff to show whether or not prior to September 14th, 1916, the defendant had ever in any manner notified the plaintiff that it would claim a forfeiture of the lease upon the failure of the plaintiff to pay the monthly instalments of rent at the time they became due and payable under the terms of the lease. On September 23d, 1916, the plaintiff tendered to the defendant a sum of money that would be in full of all rent to October 1st, 1916, which the defendant refused to accept.

On September 30th, 1916, the defendant brought an action of summary process against the plaintiff, returnable before James E. Wheeler, Esq., a Justice of

the Peace for New Haven County, on the 6th day of October, 1916, claiming that this lease had been forfeited by the nonpayment of rent. The parties appeared before the justice and were duly heard, and on October 7th, 1916, judgment was rendered in favor of the defendant (The New Haven Hotel Company), that the Company recover possession of the premises. Thereupon this plaintiff (The Fort Orange Barbering Company) sued out a writ of error to the Court of Common Pleas for New Haven County, which writ was subsequently withdrawn by the plaintiff.

During the year 1912, the plaintiff carried on the business of a barbering establishment at a loss of $434.15, but thereafter carried on this business at an annual profit. Upon the opening of this business, supplies were purchased to the amount of $1,703.50. These supplies, consisting of hat racks, cuspidors, bottles, shaving mugs, massage machines, vases, and so forth, are still for the most part on hand, and together with towels and linen of the value of $150, are of value to the plaintiff.

The plaintiff offered no evidence to prove that it ever made any other tender to the defendant of the monthly rentals past due, except the offer of payment made on September 23d, 1916, herein mentioned. The plaintiff at the trial declared its willingness to pay to the defendant all instalments of rent in arrears with interest thereon, but made no tender thereof, nor offered evidence of any offer or tender other than that just mentioned. None of the irremovable fixtures in said barbering establishment, such as barber chairs, mirrors, wash stands, and so forth, were installed by, or belong to, the plaintiff. They were installed by and are the property of the owner of the Hotel Taft. Since the year 1912 the plaintiff has carried on its business on the premises in question at an annual profit, and it is

reasonable to expect that this business will continue to be profitable to the plaintiff should it decide to avail itself of the option to extend said lease for a further period of five years from August 31st, 1917, and be permitted to remain in possession of the same.

The plaintiff in its complaint alleged that "by reason of the defendant's acquiescence in the delayed payments for a period of more than four years, the defendant induced the plaintiff to believe and the plaintiff did believe that a strict performance of the covenants in the lease in reference to the time of payment of the rent on the first of each month would not be required"; that "the plaintiff is ready and willing to pay the defendant all the rents that may be due or become due, with such interest as may be due thereon"; that "the defendant has suffered no loss or inconvenience by reason of the delayed payments"; and that the issuance of an execution of summary process would work irreparable loss to the plaintiff. These allegations were denied by the defendant in its answer. The judgment-file finds the issues for the defendant Hotel Company.

*Samuel Campner*, with whom was *Lewis M. Scheuer* of New York, for the appellant (plaintiff).

*Robert C. Stoddard*, with whom was *Jacob P. Goodhart*, for the appellee (defendant).

RORABACK, J. This case turns upon the sufficiency of the findings to sustain the conclusion of the trial court in rendering judgment for the defendant.

The plaintiff's objections to the decision of the Superior Court, which are urged here, are summarized as follows: "first, because it appears that the plaintiff will suffer irreparable injury, damage and loss, should the forfeiture of the lease be enforced; second, because

it is a fixed rule in equity to give a tenant equitable relief against forfeiture for breach of covenant to pay rent, irrespective of any question as to whether such forfeiture would or would not result in irreparable damage to the tenant, it being the mere inequity of a forfeiture that prompts the relief; third, because, in view of the previous relations of the parties and their mutual conduct, it would be unfair, inequitable and unjust, . . . without previous notice of intention, to enforce strict performance."

This statement of claims involves several questions. One is as to the effect of the judgment of the Justice of the Peace in the summary-process suit. The recovery by the defendant in this action has an important bearing upon the present case. In this State the action of summary process is regulated by statute, and the judgment has the same effect as a common-law judgment in other cases. A court held by a justice of the peace is a court of record. His record, therefore, in judicial proceedings which have taken place before him and are within his jurisdiction, imports verity, and its statements cannot be collaterally questioned. Every act recited in such a record is presumed to have been properly and rightly done, until the contrary appears. *American Bonding Co.* v. *Hoyt*, 88 Conn. 251, 255, 90 Atl. 932; *Church* v. *Pearne*, 75 Conn. 350, 351, 53 Atl. 955. The judgment in the justice court against the appellant, the Barbering Company, established the validity of the lease, that the Barbering Company was in possession, its obligations to pay the rent then in question, and that these instalments were due and unsatisfied.

A waiver of the forfeiture of the breach of covenant to pay rent was a good defense in the summary process proceeding before the justice court. The judgment of that court against the appellant for the forfeiture, is

conclusive evidence that there was no waiver at the time this judgment was rendered, and equity will not consider this question in an action like the present one to obtain relief against the forfeiture. *Dunklee* v. *Adams*, 20 Vt. 415, 50 Amer. Dec. 44.

The action of summary process is a special statutory remedy to enable landlords to obtain possession of leased premises without suffering the delay and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. By § 1078 of the General Statutes the action of summary process is made returnable before a justice of the peace. Section 1081 provides that "no appeal shall be allowed from any judgment rendered in any such action." Under § 817 of the General Statutes, a writ of error lies from the judgment of a justice in an action of summary process to the Court of Common Pleas or the Superior Court, but not to this court. By § 1087 of our statutes a defendant in an action of summary process is allowed but forty-eight hours after final judgment for filing his bill of exceptions and procuring his writ of error, and is required to give a sufficient bond, with surety, to the plaintiff, to answer for all rents that may acrrue during the pendency of the writ of error. Erroneous proceedings in an action of summary process can be reviewed by this court only upon a writ of error. This was not done in the case now before us. *Banks* v. *Porter*, 39 Conn. 307. The jurisdiction of a justice of the peace is limited to claims for legal relief. General Statutes, § 533.

In proper cases the exercise of equitable jurisdiction to relieve against judgments is generally held to be within the discretion of the court, which is to be guided and controlled in its exercise by legal principles, and is to be exercised in conformity with the spirit of the law,

Fort Orange Barbering Co. *v.* New Haven Hotel Co.

and in a manner to subserve and not defeat the ends of substantial justice; and for a manifest abuse thereof it is reviewable by a proper procedure. While under certain circumstances the restraining of proceedings upon a judgment is a matter not of grace but of right, yet courts of equity do not lightly interfere with judgments at law, and do so only with caution, and where some well-defined independent equitable ground exists for restraining the enforcement of the judgment. 15 Ruling Case Law, 730, 731, and cases cited in notes; 2 Daniells' Chancery Pleading & Practice (6th Amer. Ed.) * 1621; 4 Pomeroy's Equity Jurisprudence (3d Ed.) § 1365; *Clark* v. *Board of Education,* 76 N. J. Eq. 326, 328, 74 Atl. 319, 320, 25 L. R. A. (N. S.) 827; *Hood* v. *New York & N. H. R. Co.,* 23 Conn. 609, 621. A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law because it did not amount to a legal defense, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. *Truly* v. *Wanzer,* 46 U. S. (5 How.) 141, 12 L. Ed. 88.

In the present case there is no allegation or suggestion of any fraud, accident, surprise, or mistake in the proceeding before the justice court. The application of the rule above cited, under the facts here presented, seems to leave the plaintiff but few facts upon which to base its claim for equitable relief, the most important of which is the allegation and claim that the plaintiff was induced to believe that a strict payment of periodical rents would not be required. This contention has not been sustained. It appears that the plaintiff alleges in its complaint that "by reason of the defendant's acquiescence in the delayed payments for a period of more than four years, the defendant induced

the plaintiff to believe, and the plaintiff did believe, that a strict performance of the covenants in the lease in reference to the time of payment of the rent on the first of each month would not be required of it." This, as we have seen, was denied by the defendant. The judgment, by finding the issues upon this part of the case for the defendant, necessarily finds that the plaintiff has failed in its proof upon this subject. A special finding upon this part of the case which is broader than the general finding of the issues for the defendant in the judgment, is not inconsistent therewith.

There is nothing in the finding which suggests a basis for the claim that "in view of the previous relations of the parties and their mutual conduct, it would be unfair, inequitable and unjust to sanction the right of the landlord to cancel the lease without previous notice of intention thereafter to enforce strict performance." Upon the other hand, it appears that the court below has expressly found that "no evidence was offered by the plaintiff to show whether or not prior to September 14, 1916, the defendant had ever in any manner notified the plaintiff that it would claim a forfeiture of said lease upon the failure of the plaintiff to pay the monthly instalments of rent at the time they became due and payable under the terms of said lease." It does not appear from the finding that by the defendant's leniency the plaintiff has been put in any worse position than it would have been had the strict performance of the lease been enforced.

There is a class of cases holding that one having the right to declare a forfeiture, who does not declare it when he is entitled to do so, waives the right of forfeiture; but this rule rests upon the ground of estoppel. In such cases the lessee has usually incurred large expenditures, or made valuable improvements, believing that, by the landlord's failing to assert the right of

forfeiture after a breach of the conditions, it would not be asserted. This is not such a case. *O'Connor* v. *Timmermann*, 85 Neb. 422, 424, 123 N. W. 443, 24 L. R. A. (N. S.) 1063, 1066.

The plaintiff relies upon *Bowman* v. *Foot*, 29 Conn. 331, as an authority to sustain its contentions. The facts in the *Bowman* case are easily distinguishable from those in this case, especially as to the express conditions contained in the lease now before us, which provides: "It being understood that no demand for rent and no re-entry for condition broken as at common law shall be necessary to enable the lessor to recover such possession pursuant to said statute relating to summary process, but that all right to any such demand or any such re-entry is hereby expressly waived by the said Fort Orange Barbering Company." The lease in the *Bowman* case contains no such provision. It follows, therefore, that no demand for rent or re-entry was necessary before the commencement of the present action. It is also of interest to note that in *Bowman* v. *Foot* the questions presented to this court were by means of a writ of error. The plaintiff also lays stress upon the case of *Hartford Wheel Club* v. *Travelers Ins. Co.*, 78 Conn. 355, 62 Atl. 207. In that case the questions presented and decided were: "The acceptance of rent accruing after a breach of condition for which the lessor has declared his election to terminate the lease, from a lessee for years who refuses to recognize the termination of the lease and continues in possession as before, constitutes a waiver of the forfeiture, which is binding alike upon the lessor and the lessee. While provisions in a lease which absolve the lessor from making any demand for rent, from making a re-entry, from giving the statutory notice to quit, and from every other formality, may enable him to commence an action for obtaining possession without such demand and

re-entry, they certainly do not prevent the parties from waiving a forfeiture before such action is begun." In the present case it is not claimed that the Hotel Company accepted any rent after a breach of the conditions for which it declared its intention to terminate the lease. It is also of importance to notice that in the case of the *Hartford Wheel Club* v. *Travelers Ins. Co.*, the procedure adopted to test the question of waiver was also by a writ of error, as we have stated should have been done in the present case. *Burritt* v. *Lunny*, 90 Conn. 491, 495, 496, 97 Atl. 756.

There is no error.

In this opinion the other judges concurred.