THE ATLANTIC REFINING COMPANY *v.* W. JOHN O'KEEFE.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 7, 1944—decided January 11, 1945.

*Charles G. Albom,* with whom, on the brief, was *Nelson Harris,* for the appellant (defendant).

*George E. Beers* and *William L. Beers,* for the appellee (plaintiff).

BROWN, J.  The plaintiff brought this action in the ordinary form for summary process upon a parol lease (Practice Book, p. 340) before a justice of the peace, to recover possession of premises in New Haven rented to the defendant and used for a gasoline station.  The defendant filed an answer which, in addition to a denial, included a special defense alleging facts indicating that the lease had not expired and substantial expenditures made in reliance thereon, and also a counterclaim which by amendment sought a declaratory judgment and $50,000 damages.  The defendant filed a motion, predicated upon § 5553 of the General Statutes as amended by § 823f of the 1941 Supplement, and accompanied by a bond, to transfer the action to the Superior Court.  Upon the transmission of the record, certified by the justice of the peace, to the Superior Court, the plaintiff pleaded in abatement and to the jurisdiction on the ground that such a counterclaim is not admissible in a summary process action and therefore can afford no basis of transfer under the statute.  The Superior Court sustained the plea and rendered judgment erasing the case from the docket, from which the defendant has appealed.

The principal question for determination is whether, in an action of summary process brought before a justice of the peace, the defendant may interpose a counterclaim for a declaratory judgment and money dam-

ages and thereby secure a transfer of the action to the Superior Court under § 823f of the 1941 Supplement. This section, which treats the justice court as a "court," as applied to this case, provides for the transfer of "any action" pending before a justice of the peace to the Superior Court on motion of the defendant when the allegations of the answer claiming judgment in his favor carry the case beyond the jurisdiction of the justice. Whether the broad language of the statute is applicable to an action of summary process depends upon the proper interpretation of it in the light of other pertinent statutory provisions.

The action of summary process is a special statutory proceeding. General Statutes, Cum. Sup. 1939, § 1429e; Sup. 1943, § 730g. As utilized by the plaintiff in this case, it provides a "remedy to enable landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. 1 Swift's Dig., s. p. 511." *Marsh* v. *Burhans,* 79 Conn. 306, 308, 64 Atl. 739. "The proceeding was not only intended to be summary but conclusive." *Banks* v. *Porter,* 39 Conn. 307, 308. Pursuant to this intent, § 5974 of the General Statutes provides that no appeal shall be allowed, and § 5980 imposes strict limitations upon resort to writ of error. See *Marsh* v. *Burhans,* supra, 309. Any right of counterclaim which the defendant has exists solely under the provision in § 5511 that "In any case in which the defendant has either in law or in equity or in both a counterclaim . . . against the plaintiff's demand, he may have the benefit of any such . . . counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; . . . provided no counterclaim . . . merely equitable,

shall be available in any action before a justice of the peace."

To save inviolate, however, the expeditious possessory procedure of summary process to which we have referred, § 5535, entitled "Procedure in certain actions not changed," expressly provides that § 5511 "shall not affect . . . proceedings in summary process." These two sections were both originally enacted as a part of the Practice Act of 1879. Public Acts, 1879, Chap. 83. The simplified procedure introduced by this act was intended to apply to all ordinary civil actions. However, it was recognized that in certain special proceedings the practice would not be appropriate. Therefore § 5 of the act (now § 5511) was followed by § 32 (now § 5535), specifically stating that § 5 should not affect various special proceedings including summary process. Accordingly, our decisions have demonstrated that counterclaims are not permissible in summary process actions. Thus we have held that, where the defendant had equitable grounds to stay summary process proceedings, his proper course was to resort to equity for relief. *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 638, 107 Atl. 500. In a more recent case, where a counterclaim was attempted, we said: "In view of the restricted nature of the issues open in a summary process action the counterclaim for money damages for partial eviction had no place in the case." *Webb* v. *Ambler,* 125 Conn. 543, 551, 7 Atl. (2d) 228. The defendant was not entitled to interpose his counterclaim in this action and thereby to secure a transfer of the action to the Superior Court.

In the Superior Court, the plea filed by counsel for the plaintiff appearing specially stated: "The plaintiff pleads in abatement and to the jurisdiction of this court because a counterclaim of the character filed in this action is not admissible in a Summary Process

proceeding and therefore cannot be made the basis of a transfer to this court. The plaintiff should have brought an independent action for the matters set up in the counterclaim. Wherefore the plaintiff prays judgment that this action be erased from the docket of this court. . . ." As we understand it, the defendant's contention is that either a demurrer or a motion to erase was essential to raise the issue determined by the court's judgment. A demurrer is not a proper form of pleading for challenging the court's jurisdiction. *Johnson* v. *Cooke,* 85 Conn. 679, 683, 84 Atl. 97. For the reasons already stated, the purported transfer of the cause of action by the justice of the peace was without authority in law and was a nullity. The plea was proper in form and content. General Statutes, § 5506. Since the defect appeared upon the face of the record, a motion to erase might have been used; *Michelin* v. *MacDonald,* 114 Conn. 582, 583, 159 Atl. 636; but the issue was squarely and properly presented by this plea and it was sufficient to raise the question of the Superior Court's jurisdiction. *Leventhal Furniture Co., Inc.* v. *Crescent Furniture Co., Inc.,* 121 Conn. 343, 347, 184 Atl. 878. The court properly sustained the plaintiff's plea.

There is no error.

In this opinion the other judges concurred.