MARCEL DREIFUSS ET AL. *v.* WORLD ART GROUP, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-6910-17392

Argued May 11—decided June 26, 1970

*Benson A. Snaider,* of Norwalk, for the appellants (plaintiffs).

*Sidney Vogel,* of Norwalk, for the appellee (defendant).

KINMONTH, J.  This summary process action was brought by the lessors to recover possession of premises located at 53 Water Street, South Norwalk,

Connecticut, for nonpayment of rent. The defendant admitted all the allegations of the complaint except as to nonpayment, which it denied, and set up as a special defense that it had mailed a check, in due time, which was lost. The issues were found for the defendant, and the plaintiffs appealed, assigning error in the court's finding and conclusions.

The plaintiffs seek to have added to the finding a number of paragraphs of the draft finding on the ground that the facts stated in them were admitted or undisputed, and to have certain paragraphs of the finding deleted as having been found without evidence. Where the finding fails to include admitted or undisputed facts, or finds facts without evidence, this court has the power to correct it. *Brockett* v. *Jensen,* 154 Conn. 328, 330.

The finding, with such corrections as the plaintiffs are entitled to, may be stated as follows: On June 6, 1969, the plaintiffs and the defendant entered into a lease agreement of the premises owned by the plaintiffs at 53 Water Street, South Norwalk, Connecticut, for a term of two years, commencing on the first day of July, 1969, for a term rent of $5580 payable in monthly instalments of $225 per month, the first payment being due on July 1, 1969, and succeeding payments being due on the first day of each month thereafter, in advance. The lease also provides that should the rent remain unpaid for ten days after the first day of each month then the lease shall expire and terminate. The lease further provides that the plaintiffs may recover possession in the manner prescribed by the statute relating to summary process and that no demand for rent, no reentry for condition broken, shall be necessary to recover possession and that the defendant waived notice to quit possession. The defendant went into possession of the premises July 1, 1969, under this

lease and has occupied the premises ever since. The defendant operates a substantial mail order business and in the course of its business handles a large volume of mail every day. On October 3, 1969, the defendant mailed a check in the amount of $225 made out to the order of Marcel Dreifuss for the month of October, 1969, which check was never received by the plaintiffs. On October 14, 1969, upon learning that the October 3, 1969, check had not been received, the defendant drew another check, which was lost or mislaid before mailing. Between October 1 and October 10, 1969, the plaintiffs gave no notice to the defendant, either formally or informally, that the October rent had not been received. On October 15, 1969, the plaintiffs caused to be served upon the defendant a notice of termination of lease and notice to quit possession. On October 16, 1969, the defendant mailed another check to the plaintiffs which was refused. The plaintiffs received no rent payment from the defendant between October 1 and October 10, 1969, which was the grace period under the lease. The defendant attempted in good faith to pay its rent by the checks of October 3 and October 14, 1969. The court concluded from these facts that because of equitable considerations there should be no forfeiture of the lease.

The plaintiffs assign error in the conclusions reached by the trial court. They are tested by the finding. *Brockett* v. *Jensen,* supra, 331; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655. The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79; *Craig* v. *Dunleavy,* 154 Conn. 100, 105.

The basic claim of the plaintiffs is that the court erred in applying equitable grounds in not finding a

forfeiture of the lease under the facts of this case.[1] In this we agree. The action of summary process is limited to cases where the issue of the expiration of the lease presents itself as a simple issue of fact, not complicated by questions as to the proper legal construction of the lease. *Rosa* v. *Cristina,* 135 Conn. 364, 365; *Davidson* v. *Poli,* 102 Conn. 692, 695. The purpose of the action is to enable the landlord upon termination of the lease to recover possession from the tenant. Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly followed. *Feneck* v. *Nowakowski,* 146 Conn. 434, 436; *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600. "It has always been the policy of our law to limit the issues in an action of summary process to a few simple ones within the express scope of the statutory provisions. . . . Hence . . . if, on the trial of a complaint in summary process, it shall be found that the defendant is the lessee of the complainant and holds over after the termination of the lease and that due notice to quit has been given, but the defendant continues to hold possession after the expiration of the time therein specified, and the defendant shall not show a title in himself which accrued after the giving of the lease, judgment shall be rendered for the recovery of the premises." *Webb* v. *Ambler,* 125 Conn. 543, 550. By serving the notice to quit on October 15, 1969, the landlord performed an act which was sufficiently unequivocal to terminate the tenancy. Where no special agreement to the contrary is shown, a check does not discharge the debt for which it was given until it is honored or paid. The check which was forwarded to the landlord amounted to nothing

---

[1] We are aware that the Circuit Court has equitable jurisdiction, but in the present case the defendant did not seek equitable relief. We do not decide whether an equitable defense is proper in a summary process action or whether a separate suit would be necessary to seek equitable relief.

more than an offer of conditional payment of rent. *Borst* v. *Ruff,* 137 Conn. 359, 361. The check not having been received, there is no question of its being honored or paid.

It is of course true that equity has power to relieve against a forfeiture, and where there is good ground for such relief a court of equity having jurisdiction of such a question will restrain the enforcement of the forfeiture in a court of law. *Thompson* v. *Coe,* 96 Conn. 644, 659. Where a defendant has equitable grounds to stay summary process proceedings, his proper course is to resort to equity for relief. *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530; *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 638. The only issue before the trial court in this action was whether, under the lease, rent is due, and therefore whether there has been a forfeiture of the lease. This is a common-law question. There is no issue between the parties as to whether, granting that the forfeiture has occurred, there are equities which would relieve against the forfeiture. The court had merely to determine the right of possession on account of forfeiture for nonpayment of rent, and it makes no difference on equitable grounds whether there had been a technical forfeiture at law or not. *Thompson* v. *Coe,* supra; *Michalowski* v. *New Britain,* 16 Conn. Sup. 9.

The court's conclusion was contrary to law.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs.

In this opinion CASALE and JACOBS, Js., concurred.