## JOHN STEINEGGER *v.* JANET FIELDS ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 987

Argued September 9 – decided December 26, 1980

*John M. Boesen,* for the appellants (defendants).

*Howard C. Kaplan,* for the appellee (plaintiff).

DALY, J.  The trial court found the following facts: The defendants leased from the plaintiff for approximately two years prior to the commencement of this action a second floor apartment pursuant to a month-to-month oral lease.  The rent was due and payable on the first day of each month.  The rent for June, July and August, 1979, was paid through the mail by money orders dated the fifteenth, sixteenth and fifteenth, respectively, and was accepted by the plaintiff without comment.  On September 17, 1979, the defendants were served with a notice to quit possession for failure to pay the September rent.  On September 18, the plaintiff received the rent through the mail by a personal money order dated September 14 in an envelope postmarked September 17.  The plaintiff refused to accept the money order and commenced the present summary process action to which the defendants raised the special defenses of waiver and estoppel. The court found neither waiver nor estoppel and rendered judgment for the plaintiff from which the defendants have appealed.

The defendants raise three issues on appeal:  (1) May the special defense of estoppel be properly raised in a summary process action?  (2) Did the court err in

requiring the defendants to prove a conscious intention to mislead in order to establish estoppel? (3) Did the court err in finding that the defendants did not rely on the plaintiff's conduct?

The special defense of waiver has been abandoned by the defendants and will not be considered.

It is apparent from the memorandum of decision that the trial court considered the defendants' estoppel defense on its merits and did so adversely to them. At trial the plaintiff cited two cases to support his claim that estoppel cannot be pleaded as a special defense in a summary process action. He argued that the proper procedure required the defendants to bring a separate action in equity. In the first case cited by the plaintiff, the court held that in a summary process action a counterclaim for a declaratory judgment and money damages could not be interposed, and any equitable grounds to stay the proceedings required a "resort to equity for relief." *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 531, 41 A.2d 109 (1945). In the second case the court cited with approval the *Atlantic Refining* rule but went on to add: "We are aware that the Circuit Court has equitable jurisdiction, but in the present case the defendant did not seek equitable relief. We do not decide whether an equitable defense is proper in a summary process action or whether a separate suit would be necessary to seek equitable relief." *Dreifuss* v. *World Art Group, Inc.,* 6 Conn. Cir. Ct. 309, 312n, 272 A.2d 144 (1970). Both cases were decided when there existed in Connecticut a multi-tier judicial system.

In the present case, the court was correct in considering the merits of the defendants' estoppel defense. A waiver of the forfeiture of the breach of covenant to pay rent was a proper defense in a summary process action before the Justice Court and the Court of Common Pleas. *Fort Orange Barbering Co.*

v. *New Haven Hotel Co.,* 92 Conn. 144, 149, 101 A. 505 (1917); *Club Road Corporation* v. *Whitehead,* 34 Conn. Sup. 580, 583, 378 A.2d 110 (1977). While waivers and estoppels are theoretically very different things, the dividing line between waivers implied from conduct and estoppels oftentimes becomes so shadowy that the two terms have come to be quite commonly used interchangeably. When the term waiver is so used, however, the elements of an estoppel almost invariably appear. The apparent difference between cases involving implied waiver and those involving estoppel becomes one of terms rather than of fundamental principle. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 564, 316 A.2d 394 (1972). Because waiver is a proper defense in a summary process action and because of the similarity of the concepts of implied waiver and estoppel, there is no sound reason why estoppel should not also be a proper defense. Furthermore, the *Atlantic Refining* rule was formulated at a time when a multi-tier judicial system existed in Connecticut. Now that a one-tier Superior Court system has been created, it would be impractical and a waste of judicial time to require a defendant in a summary process action to bring a separate suit in the same court in order to raise his equitable defenses.

Finally the legislature has given the recently established housing court in the judicial district of Hartford-New Britain the authority to consider as " 'housing matters' . . . [a]ll actions for . . . relief arising out of the parties' relationship as landlord and tenant or owner and occupant." General Statutes § 47a-68 (i). The courts in the remaining judicial districts and geographical areas should have the same authority.

The defendants' estoppel defense was not successful below because the court found no "conscious intention" on the part of the plaintiff to induce a late

tender of the September rent. The defendants' second claimed error is that the court improperly required them to prove the plaintiff's conscious intention in order to prevail on their estoppel defense. The notion that an equitable estoppel requires proof of actual intention to mislead or a deceitful purpose has been expressly rejected in this state. *Goldberg* v. *Parker,* 87 Conn. 99, 106–107, 87 A. 555 (1913); *Canfield, Trustee* v. *Gregory,* 66 Conn. 9, 16, 33 A. 536 (1895). "Neither actual fraud nor bad faith is generally considered an essential element." 28 Am. Jur. 2d, Estoppel and Waiver § 43; see 5 Williston, Contracts (3d Ed. Jaeger) § 692, p. 317. To insist upon proof that the plaintiff deliberately intended to induce a false belief on the part of the defendants would be equivalent to a requirement of fraud. "[I]t is enough if the circumstances are such that the party is fairly chargeable with knowledge that his declaration may induce the action taken." *Kinney* v. *Whiton,* 44 Conn. 262, 269 (1877). "Whatever the motive may be, if one so acts or speaks, that the natural consequence of his words and conduct will be to influence another to change his condition, he is legally chargeable with an intent, a wilful design to induce the other to believe him, and to act upon that belief, if such proves to be the actual result." *Preston* v. *Mann,* 25 Conn. 118, 127–28 (1856). Gross negligence has been regarded as equivalent to intended deception for the purpose of the doctrine of equitable estoppel. *Brant* v. *Virginia Coal & Iron Co.,* 93 U.S. 326, 335, 23 L. Ed. 927 (1876); *State* v. *American News Co.,* 152 Conn. 101, 113, 203 A.2d 296 (1964); *Bland* v. *Bregman,* 123 Conn. 61, 65, 192 A. 703 (1937); *Monterosso* v. *Kent,* 96 Conn. 346, 350, 113 A. 922 (1921).

The first essential element of estoppel is "that one party must do or say something which is *intended or calculated* to induce another to believe in the existence of certain facts and to act on that

belief . . . ." (Emphasis added.) *Bozzi* v. *Bozzi,* 177 Conn. 232, 242, 413 A.2d 834 (1980); *Pet Car Products, Inc.* v. *Barnett,* 150 Conn. 42, 53–54, 184 A.2d 797 (1962). The use of the word "calculated" in the statement of the rule would be wholly redundant if it were meant to encompass only intentional conduct. It is used in juxtaposition with the word "intended" to include those acts which are likely or suited to producing a certain result. Webster, Third New International Dictionary.

The conduct of the plaintiff, however, in accepting late payments of the rent for the three preceding months could not reasonably have been expected to induce a belief on the part of the defendants that the September rent might properly be paid by the eighteenth day of the month. The evidence does not indicate that any of the payments for previous months were made so late. The defendants could not reasonably have assumed that the plaintiff would grant them an indulgence greater than the earlier ones.

Furthermore, there is a question of the appropriate duties of the parties. The defendants do not base their estoppel defense on any representation by the plaintiff, but rather on his conduct of accepting without comment the late tenders of rent in June, July and August. It is a fundamental rule that a person claiming an estoppel by conduct must show that he exercised due diligence to know the truth, and that he was destitute not only of knowledge of the true state of things, but also of any convenient or available means of acquiring such knowledge. *Dupuis* v. *Submarine Base Credit Union, Inc.,* 170 Conn. 344, 353, 365 A.2d 1093 (1976); *Linahan* v. *Linahan,* 131 Conn. 307, 327, 39 A.2d 895 (1944).

In a case where silence is the conduct relied upon to give rise to the estoppel, the existence of circumstances which impose a duty upon the one claimed

to be estopped to disclose the fact which is known is essential. But there is no duty to speak where the facts are equally within the knowledge of both parties or where the one claiming the estoppel, though he has not in fact equal knowledge, has convenient and available means of acquiring it. *State* v. *American News Co.,* 152 Conn. 101, 113, 203 A.2d 296 (1964); *Flaxman* v. *Capitol City Press, Inc.,* 121 Conn. 423, 430, 185 A. 417 (1936).

In this case, the defendants were fully aware that with the statutory grace period; General Statutes § 47a-15; the rent money was due by the tenth of each month. There was no evidence to indicate that the plaintiff had a duty to contact the defendants when he accepted the late tenders of rent, or that the defendants made sufficient inquiries to ascertain the true intent of the plaintiff concerning his acceptance of previous late payments.

Even if we were to assume that the court erred when it required proof of conscious intention, and that the plaintiff had a duty to contact the defendants, the defendants still had to prove reliance, the second element of estoppel. They were bound to show that they were influenced by the plaintiff's conduct and changed their position or did some act to their injury which they otherwise would not have done. *Bozzi* v. *Bozzi,* supra.

The defendants' third claimed error is that the necessary reliance existed contrary to the court's conclusion. The testimony of the defendants, however, indicates that their late tender of rent in September was due to other, more pressing bills, and not because of the plaintiff's silent acceptance of the rent in the previous three months.

There is no error.

In this opinion SHEA and BIELUCH, Js., concurred.