## MARK I ENTERPRISES, INC. *v.* KARL ROMAN SENDELE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 976

Argued September 10, 1980 – decided February 6, 1981

*Patrick A. Cosgrove,* for the appellant (defendant).

*Howard C. Kaplan,* for the appellee (plaintiff).

DAVID M. SHEA, J.  The defendant has appealed from the judgment of possession rendered in this summary process action.  He claims that the court erred (1) in entertaining jurisdiction of the action and in awarding possession to the plaintiff while other actions seeking a determination of the ownership of the premises were pending, and (2) in finding that the plaintiff was entitled to possession.

The trial court filed a memorandum of decision which made the following findings:  The plaintiff corporation was the lessee of a restaurant on Long Ridge Road, Stamford, which contained an upstairs apartment.  The defendant had been employed by the plaintiff as manager of the restaurant, and he occupied the apartment as part of his employment arrangement.  On January 5, 1980, the plaintiff caused a notice to quit possession of the premises no later than February 4, 1980, to be served on the defendant.  On January 8, 1980, the plaintiff discharged the defendant from his employment as restaurant manager.  The defendant refused to surrender possession of the apartment.  The court concluded that the defendant's

privilege of occupying the apartment under his employment arrangement had terminated, and that the plaintiff, as lessee of the premises, including the apartment which it had subleased to the defendant, was entitled to possession. The court rendered judgment for the defendant upon a second count of the complaint seeking to evict him upon the ground of nuisance.

The defendant raised four special defenses in his answer to the complaint: (1) that the defendant was a party to two other pending lawsuits, one testing his right to occupy the premises, and one raising the issue of title to the property in which the apartment was situated; (2) that the defendant was the equitable owner of the apartment, a matter to be determined in one of the pending suits; (3) that he did not occupy the apartment under his employment relationship with the plaintiff but by virtue of his ownership interest and an arrangement with his former wife, the record owner of the property; and (4) that the plaintiff had no standing to question his occupancy of the apartment.

The defendant's claim that the court should not have proceeded with the summary process action until his claim of equitable ownership of the apartment was decided in other pending litigation was originally raised by a motion to dismiss which was denied. The documents filed in connection with that motion, which are included in the record, indicate that one suit was pending between the parties in which the plaintiff was seeking an injunction to prevent the defendant from interfering with its business. A claim in that action for an injunction to compel the defendant to vacate the apartment had been withdrawn by amendment before the hearing on the motion to dismiss. The defendant has not briefed any claim that the fact that this injunction action was pending between the parties after the amendment would constitute a valid

defense and is deemed to have abandoned any such claim. *Rowland* v. *Maher,* 176 Conn. 57, 61n., 404 A.2d 894 (1978).

In the other suit referred to in the special defenses the defendant sought various relief against his former wife, who held title to the real estate where the restaurant and the apartment were located and to all of the stock in the plaintiff corporation.

We have recently broadened the scope of the issues which may be raised in a summary process action by ruling that an equitable defense of estoppel might properly be considered. *Steinegger* v. *Fields,* 37 Conn. Sup. 534, 425 A.2d 597 (1980). The special defenses filed by the defendant involve complex equitable issues which previously had been unavailable in such actions. *Rosa* v. *Cristina,* 135 Conn. 364, 365, 64 A.2d 680 (1949); *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 531, 41 A.2d 109 (1945); *Davidson* v. *Poli,* 102 Conn. 692, 695, 129 A. 716 (1925). It had been deemed necessary for a defendant to bring a separate suit to enjoin the prosecution of the eviction action upon equitable grounds in order to have the benefit of such defenses. *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 638, 107 A. 500 (1919); *Fort Orange Barbering Co.* v. *New Haven Hotel Co.,* 92 Conn. 144, 150, 101 A. 505 (1917); see *Dreifuss* v. *World Art Group, Inc.,* 6 Conn. Cir. Ct. 309, 312n., 272 A.2d 144 (1970).

The trial court may have anticipated this procedural modification which the advent of the single-tier trial court system and other statutory changes have warranted. General Statutes § 47a-68 (i); *Steinegger* v. *Fields,* supra. Although the record is not entirely clear, the special defenses appear to have been rejected because they had insufficient merit to defeat the plaintiff's right to possession. The defendant does not claim that he was barred from presenting these defenses.

The findings of the trial court that the defendant's wife, the owner of record, had demised the entire property to the plaintiff corporation by a written lease, and that the defendant had orally sublet the apartment as part of his employment arrangement as manager of the restaurant are decisive. There was ample evidence to support these findings. The defendant has never claimed that his employment was illegally terminated. No objection was made to the testimony of the defendant's wife that the written lease included the apartment, which was the only residence contained in the building. The defendant never demanded[1] production of the written lease. The court was entitled to rely upon the testimony concerning the contents of the lease which had been admitted without objection.

The defendant also attacks these findings upon the ground that the complaint alleged that the plaintiff corporation was the owner of the property rather than the lessee. This claim of variance between the pleadings and the proof was not raised at any point during the trial. The evidence concerning the plaintiff's status as a lessee came in without objection on any ground. A claim that the evidence does not conform to the pleadings is waived if not made at the trial. *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326, 355 A.2d 299 (1974); *Weiner* v. *Loew's Enterprises, Inc.,* 120 Conn. 581, 584, 181 A. 921 (1935). "It is now too late to raise such a point on appeal." *Winsor* v. *Hawkins,* 130 Conn. 669, 670, 37 A.2d 222 (1944).

The finding that the defendant occupied the apartment pursuant to the terms of his employment with the plaintiff disposes of the special defenses claiming a

---

[1] During the cross-examination of the defendant's wife, she was asked whether she had a copy of the lease with her. She responded negatively. Her attorney said that he did not have a copy. No further inquiry was made about obtaining a copy of the lease, but the defendant's wife was extensively cross-examined about its contents.

lack of standing on the part of the plaintiff, or that the defendant held the apartment under an agreement with his former wife. The defense based upon the pending suit between the defendant and his former wife in which he sought the return of the assets he had transferred to her could not prevail against the rights of the plaintiff corporation in its relationship as sublessor of the defendant. No facts were pleaded or proved which would have justified disregarding the corporate entity. See *Saphir* v. *Neustadt,* 177 Conn. 191, 210, 413 A.2d 843 (1979); *Zaist* v. *Olson,* 154 Conn. 563, 573–74, 227 A.2d 552 (1967). The fact that the defendant's former wife was the sole owner of the plaintiff corporation is not by itself sufficient. *Saphir* v. *Neustadt,* supra, 212.

There is no error.

In this opinion ARMENTANO and BIELUCH, Js., concurred.