In this summary process action, judgment of possession was rendered in favor of the plaintiff landlord for nonpayment of rent. In his appeal from the judgment, the defendant claims that the court erred (1) in finding that the plaintiff had sustained its burden of proving a termination of the lease for non-payment of rent; (2) in failing to find that the plaintiff had waived the provision of the lease regarding the time allowed for payment of the monthly rent; (3) in declaring estoppel to be unavailable as a defense in a summary process action; and (4) in refusing to admit *Page 580 
evidence in support of the defendant's claims that certain actions of the plaintiff interfered with the ability of the defendant to pay the rent.
The trial court filed a memorandum of decision setting forth the essential facts found. By a written lease the plaintiff rented to the defendant certain premises in a building on Main Street, Manchester, for use as a billiard parlor for a ten-year term commencing July 1, 1976. The monthly rent was payable in advance on the first day of each month with a ten-day grace period. After the plaintiff had failed to receive the rent due on November 1, 1979, he caused a notice to quit to be served on the defendant on November 16, 1979. A check from the defendant for the November rent was later received by the plaintiff in the mail. Although the check was dated November 10, 1979, the envelope in which it was enclosed was postmarked November 19, 1979.
 I
The claim that the plaintiff did not sustain its burden of proving that the lease was terminated for nonpayment of rent is essentially a claim of variance between the allegation of the complaint that the defendant failed to pay the rent for the month of November, 1979, and the proof that the rent was paid too late. This departure of the evidence from the facts alleged does constitute a variance. Strimiska v. Yates, 158 Conn. 179, 183,257 A.2d 814 (1969). "Not every variance, however, is a fatal one since immaterial variances are disregarded under our practice." Ibid.; Practice Book 178. "An immaterial variance is one in which the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits of the case." Strimiska v. Yates, supra, 184. If a variance does not prejudice *Page 581 
an opponent and does not change significantly the theory of the cause of action, an otherwise valid judgment should stand. Schaller v. Roadside Inn, Inc., 154 Conn. 61, 65, 221 A.2d 263 (1966).
The defendant here was not prejudiced because he knew the true state of facts and fully realized the nature of the breach of the lease relied upon. Id., 67. His third special defense alleges that the plaintiff had refused his tender of the November rent because it was too late and claims a waiver of the lease provision for timely payment of the rent. We conclude that the variance is immaterial.
 II
In support of his special defense of waiver the defendant offered evidence that during the preceding two years he habitually made late payments of the monthly rent which the plaintiff accepted. The plaintiff did not dispute the acceptance of late payments but did present testimony of a brief conversation during the summer before the termination of the lease in which the defendant was reminded that the rent was due on the first of the month. This conversation was disputed by the defendant and the memorandum makes no reference to it. We therefore cannot rely upon it. The trial court in rejecting the defense of waiver relied upon the clause of the lease which provided that in the event of a default in payment of the rent for more than ten days the lessor, "at its option, shall have the right (notwithstanding any former waiver)" to terminate the lease[1] upon written notice. *Page 582 
The defendant contends that the nonwaiver provision of the lease was, like any other term of the agreement, subject to modification by subsequent conduct of the parties which might reasonably be interpreted as effectuating such a change. O'Loughlin v. Poli, 82 Conn. 427, 432, 74 A. 763
(1909). He claims that acquiescence of the lessor in delinquent payments of the rent for a period of two years prevented him from insisting upon strict compliance with the lease provision for payment of the rent without first giving reasonable notice of his intention to declare a forfeiture if future payments were not made on time. See Bradford Novelty Co. v. Technomatic, Inc., 142 Conn. 166,172, 112 A.2d 214 (1955); Remington Arms U.M.C. Co. v. Gaynor Mfg. Co., 98 Conn. 721, 731,120 A. 572 (1923); Grippo v. Davis, 92 Conn. 693, 696,104 A. 165 (1918); Bronson v. Leibold, 87 Conn. 293,297, 87 A. 979 (1913).
With respect to his claim of an implied modification of the terms of the lease, the defendant has overlooked the fact that we are concerned with a lease of real estate for a ten-year term which falls within the statute of frauds. General Statutes 52-550. No modification of such a lease would be effective which did not comply with the statute. 72 Am.Jur.2d, Statute of Frauds 274; Malkan v. Hemming, 82 Conn. 293,296, 73 A. 752 (1909); see Blakeslee v. *Page 583 
Water Commissioners, 121 Conn. 163, 182,183 A. 887 (1936). The fact that no modification of the written lease would have been enforceable would not have prevented the defendant from proving that some action of the plaintiff had caused the default to occur. There is nothing in the statute of frauds to prevent waiver and estoppel from being fully operative in the usual way. 2 Corbin, Contracts .310, p. 115. In this case, however, the only evidence offered in support of the defense of a waiver of future rent delinquencies is the acceptance of past delinquent payments, the very conduct which the nonwaiver clause of the lease provides shall have no such effect.
Although a nonwaiver provision cannot restrict the freedom of the parties to an agreement in respect to future dealings between them, it is permissible for them to agree that certain inherently ambiguous conduct, such as forbearance, may not carry the legal consequences which might ordinarily ensue. See 3A Corbin, Contracts 763, p. 531.
The defendant presented no evidence of waiver other than acceptance of late rental payments in the past. We conclude that this evidence, to which the nonwaiver provision clearly applies, was insufficient as a matter of law to establish a waiver.
 III
In the memorandum of decision the trial court concluded that the defense of estoppel, which the defendant first raised in his trial brief, was an equitable defense not available in a summary process action. This conclusion was based upon the generally accepted view that it was necessary for a defendant to bring a separate suit to enjoin the prosecution of the summary process action in order to have the benefit of such an equitable defense. See Rosa v. Cristina, 135 Conn. 364, 365,64 A.2d 680 (1949); Atlantic Refining Co. v. O'Keefe,131 Conn. 528, 531, 41 A.2d 109 (1945); *Page 584 
Davidson v. Poli, 102 Conn. 692, 695, 129 A. 716
(1925); Winestine v. Rose Cloak Suit Co.,93 Conn. 633, 638, 107 A. 500 (1919); Fort Orange Barbering Co. v. New Haven Hotel Co., 92 Conn. 144,150-51, 101 A. 505 (1917). Because of recent statutory changes we have modified the earlier doctrine, ruling that an equitable defense of estoppel may be raised in a summary process action. Steinegger v. Fields, 37 Conn. Sup. 534,425 A.2d 597 (1980); see Mark I Enterprises, Inc. v. Sendele, 37 Conn. Sup. 569, 427 A.2d 1352
(1981). We disagree, therefore, with the court's conclusion that the defense of estoppel was not available.
The defendant does not claim that any evidence he might have offered upon the issue of estoppel was excluded by the trial court. The only evidence which was presented in support of this defense was the evidence claimed to support the defense of waiver, prior acquiescence in the receipt of delinquent payments. Since this evidence was insufficient to establish a waiver in the light of the nonwaiver clause of the lease, it was also inadequate to prove an estoppel. An equitable estoppel arises only where one party has done something intended or calculated to induce another to believe in the existence of certain facts and to act on that belief. Bozzi v. Bozzi, 177 Conn. 232,242, 413 A.2d 834 (1979). A reasonable reliance upon the misleading conduct, resulting in some detriment to the party claiming the estoppel is also required. Id. The evidence submitted by the defendant is insufficient to establish either of these two essential elements of an estoppel.
 IV
In a special defense the defendant pleaded that, because of the landlord's failure to provide heat during the heating season as provided by the lease, *Page 585 
the demised premises became unfit for the purpose of operating a billiard parlor, as contemplated by the lease. At the trial the court excluded evidence offered in support of this special defense to the effect that the failure to furnish adequate heat caused a substantial loss of patronage to the defendant. The ruling of the court was based upon its view that breach of the landlord's covenant to furnish heat was not available as a defense to a summary process action grounded upon nonpayment of rent.
The defendant does not claim that the statutes defining the rights and responsibilities of landlord and tenant; General Statutes 47a-1
through 47a-20; are applicable to leases of commercial property. General Statutes 47a-1 (1). At common law the covenants of a lease are deemed to be independent so that a breach of the landlord's promise to perform services would not suspend the obligation of the tenant to pay the rent as agreed. 1 American Law of Property 3.11; 1 Tiffany, Real Property (3d Ed.) 88; 3 Thompson on Real Property 1115. The rule has been recognized in this state. Thomas v. Roper, 162 Conn. 343,346, 294 A.2d 321 (1972); Hayes v. Capitol Buick Co., 119 Conn. 372, 376-77, 176 A. 885 (1935); Sigal v. Wise, 114 Conn. 297, 304-305, 158 A. 891
(1932). Statutory enactments in recent years have modified its harshness with respect to residential property. General Statutes 47a-1 through 47a-20. An exception to the rule is that a breach of the landlord's implied covenant of quiet enjoyment by an eviction, actual or constructive, does provide a defense to an action for nonpayment of rent. 1 American Law of Property 3.50, 3.51; 1 Tiffany, Real Property (3d Ed.) 141; 3 Thompson on Real Property 1132. A substantial interference with the tenant's beneficial enjoyment of the premises resulting from a failure to furnish essential services would be sufficient to constitute a constructive eviction if the tenant had *Page 586 
actually vacated the premises for that reason. 1 American Law of Property 3.51; 1 Tiffany, Real Property (3d Ed.) 141; 3 Thompson on Real Property 1132.
The evidence offered by the defendant of the plaintiff's failure to furnish adequate heat for the demised premises might well have established one element of a constructive eviction. Amsterdam Realty Co. v. Johnson, 115 Conn. 243, 247-48,161 A. 339 (1932). It is clear, however, that the defendant could not prevail upon such a ground so long as he continued to remain in possession of the premises. Hayes v. Capitol Buick Co.,119 Conn. 372, 379, 176 A. 885 (1935); Amsterdam Realty Co. v. Johnson, supra, 248.
The defendant does not claim a constructive eviction but argues that the loss of patronage resulting from the failure to heat the premises adequately had such an adverse financial effect upon him that he was unable to pay the rent on time. He contends that this breach of covenant by the plaintiff amounted to a prevention of performance in violation of the implied obligation of one party to a contract not to obstruct the performance of the other. Hartford Electric Applicators of Thermalux, Inc. v. Alden,169 Conn. 177, 182, 363 A.2d 135 (1975); LiVolsi Construction Co. v. Shepard, 133 Conn. 133, 136,48 A.2d 263 (1946). Where the breach of such an implied contractual obligation rests wholly upon the breach of an independent covenant of a lease as in this case, the obligation must also be deemed to be independent, and nonperformance would not suspend the provision of the lease concerning payment of the rent. Any other result would simply circumvent the policy of the law that so long as the lessee remains in possession of the premises his obligation to pay the rent in accordance with the terms of the lease continues. 1 American Law of Property 3.50, 3.51.
The defendant also claims that the legal doctrines which prevent him from raising a breach of the *Page 587 
landlord's covenant as a defense in a summary process action based upon nonpayment of rent result in depriving him of due process of law in violation of our state and federal constitutions. "Due process requires that there be an opportunity to present every available defense...." American Surety Co. v. Baldwin, 287 U.S. 156, 168,53 S.Ct. 98, 77 L.Ed. 231 (1932). There is no violation of due process, however, simply because the breach of a landlord's covenant may not be raised in an action for possession and the tenant is limited to a separate suit for damages. Lindsey v. Normet, 405 U.S. 56, 67-69, 92 S.Ct. 862,31 L.Ed.2d 36 (1972). "The Constitution has not federalized the substantive law of landlord-tenant relations, however, and we see nothing to forbid ... treating the undertakings of the tenant and those of the landlord as independent rather than dependent covenants." Id., 68.
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.