Alleging that the defendants had rented the plaintiffs' residence under an oral month-to-month lease which had expired by lapse of time, the plaintiffs instituted this action to recover possession of the premises located on Henry Sanford Road in Bridgewater. With their answer denying these allegations, the defendants filed a special defense averring that they had contracted for the purchase and sale of the plaintiffs' premises and had paid to the plaintiffs $6000 as "deposit and earnest money" under the contract. The defendants further alleged that after signing the purchase and sale contract, the plaintiffs had orally agreed to extend the closing date and to allow the defendants to take possession of the premises pending the closing on the condition that they pay the plaintiffs $600 per month, to be applied to the purchase price. Based on these allegations, the defendants denied any tenancy of the premises and claimed a right to possession of the premises by virtue of an equitable title. *Page 890 
The trial court rendered judgment in favor of the plaintiffs for immediate possession of the premises, directing the defendants to pursue their rights and remedies under General Statutes47a-34.[1] The defendants have appealed from this judgment contending that the trial court erred in (1) refusing to hear evidence proffered by the defendants in support of their special defense; (2) concluding that any issue involving defenses arising out of the contract for sale was not relevant to the case and, therefore, not available for consideration; and (3) excluding evidence that the parties had extended the time for closing and that the contract for sale was still in force and effect during the period of the defendants' occupancy.
It is undisputed that the trial court rejected as irrelevant any evidence submitted by the defendants in support of their special defense. As we have observed, "[n]ow that a one-tier Superior Court system has been created, it would be impractical and a waste of judicial time to require a defendant in a summary process action to bring a separate suit in the same court in order to raise his equitable defenses." Steinegger v. Fields, 37 Conn. Sup. 534, 537, 425 A.2d 597
(1980). The special defense filed in this matter involves a complex equitable issue which had previously been unavailable as a special defense in a summary process action. See, e.g., Rosa v. Cristina, 135 Conn. 364, 365, 64 A.2d 680 (1949); Atlantic Refining Co. v. O'Keefe, 131 Conn. 528,531, 41 A.2d 109 (1945), Davidson v. Poli,102 Conn. 692; 695, 129 A. 716 (1925). Because we have since broadened the scope of allowable issues in a summary process action to permit equitable defenses, Steinegger v. Fields, supra, there is no reason why the defendants should have *Page 891 
been foreclosed from proffering evidence relevant to their special defense and the trial court erred in refusing to allow the defendants to do so.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion BIELUCH and COVELLO, Js., concurred.