[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to dismiss this summary process action claiming that the notice to quit for nonpayment of rent was served on her before the expiration of the statutory nine day grace period prescribed by General Statutes § 47a-15a.[1]
CT Page 2294 The factual predicate for the claim is that the rental agreement called for rent to be paid on the fifteenth day of the month. Because the defendant has not proven this predicate fact, and because in the context of this complaint the defendant's claim cannot be raised by a motion to dismiss, the motion is denied.
The complaint alleges that on March 1, 1996[2], the parties entered into a month to month oral lease for a residential apartment. For purposes of the defendant's motion, the critical allegation in the complaint is that the agreed upon rental was $275.00 "payable on the first day of each month." The complaint further alleges that the defendant failed to pay the rent on March 1, 1997 and that the plaintiff caused a notice to quit to be served on the defendant on March 18, 1997.
An evidentiary hearing was held at the defendant's request. The court finds that the parties entered into a month to month agreement for the rental of a residential apartment on December 1, 1996. Rent was due on the first day of each month. However, the agreement called for the plaintiff to personally receive the rent from the defendant at the apartment. In January and February of 1997, the plaintiff retrieved the rent from the defendant in the middle of the month. The complaint alleges that the defendant failed to pay the rent due on March 1.
The defendant claims that the oral month to month rental agreement expired at the end of the first month of her occupancy, December 31. The defendant is correct. "Holding over by any lessee, after the expiration of the term of his lease, shall not be evidence of any agreement for a further lease." General Statutes § 47a-3d. "The fact that the defendant in this case held over in possession of the property after the expiration of his lease for the month of [December 1996], did not in itself create a lease for the subsequent month." Welk v. Bidwell,136 Conn. 603, 607, 73 A.2d 296 (1950). "Where, however, there is an express lease for a month and a continuance in possession by the lessee after its termination, which is acquiesced in by the lessor, as evidenced by his verbal consent or conduct, a tenancy is thereby created which the law will regard as one from month to month. Byxbee v. Blake, 74 Conn. 607, 610, 51 A. 535 [1902]. Such a tenancy is not regarded as a continuous tenancy, but as one for recurring monthly periods recommencing each month." Williams v.Apothecaries Hall Co., 80 Conn. 503, 505-506, 69 A. 12 (1908). Here, the defendant did hold over with the plaintiff's consent. There is no dispute that the monthly rental was the same. Rather, CT Page 2295 the defendant claims that it was the new rental agreement did not arise until the plaintiff retrieved the monthly rent from him, on or about January 17th. The defendant herself did not testify that such was the agreement and the court does so find. Rather, the defendant's holding over with the plaintiff's acquiescence, at the same rental, and without dispute as to any other terms gives rise to an inference that such other terms as the time and manner for payment of the rent also were continued by implication. SeeWelk v. Bidwell, supra, 136 Conn. 607-608; cf. Larsen v.Timothy's Ice Cream Inc., Superior Court, Judicial District of Fairfield, Housing Session, No. SPBR 9505 29502 (Oct. 12, 1995). That the plaintiff may have retrieved the rent from the defendant mid-month in January and February does not establish that the rent was not due on the first day of the month. Cf. Steinegger v.Fields, 37 Conn. Sup. 534, 539, 425 A.2d 597 (App. Sess. 1980).
Moreover, the complaint and the accompanying notice to quit appear to comply with the statutory requirements. In such a case, the defendant ought not be permitted to characterize as jurisdictional nonjurisdictional disputes about the terms of the tenancy. Such matters ought to be reserved for the case in chief.
The motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court