[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action brought by the plaintiff for nonpayment of rent.
According to testimony and pleadings the defendant, Kenneth DeMattis, entered into an oral lease agreement with the plaintiffs for the premises located at 755 Boston Post Rd., Westbrook, CT. The agreement, which was entered on or about April, 1994, required Mr. DeMattis to pay a monthly rental in the amount of $1,500.00 for 4000 square feet of commercial property. By subsequent agreement, rent increased to $1,600.00 per month CT Page 9289 commencing December, 2000. The increase was to cover the cost of garbage collection.
The plaintiffs filed a notice to quit for nonpayment of rent on February 12, 2001. This action was commenced pursuant to a summons and complaint with a return date of March 13, 2001. The defendant filed an answer on March 13, 2001 stating that he "did not know" if rent was due to the plaintiff. He also pled special defenses asserting that payment of rent was excused under C.G.S. section 47a-4a and that the eviction was being brought because the defendant contacted public officials regarding complaints about his leasehold. The plaintiffs filed a Motion for Use and Occupancy Payments and a hearing was conducted on that motion on May 14, 2001. This court granted the plaintiffs' Motion for Use and Occupancy Payments, finding that the defendant had not met his burden of showing that payment of rent was excused as asserted in his special defenses. See: (Memorandum of Decision on Motion for Use and Occupancy dated May 18, 2001)
The parties, both represented by counsel, appeared on June 19, 2001 for the summary process hearing. The plaintiff, George Pythk, testified that the defendant had not paid the monthly rental payments in full since September, 2000. Moreover, Mr. DeMattis had not tendered any rent since mid February, 2001, although he continues in possession of the premises. The plaintiffs' ledger was entered into evidence and demonstrates that the defendant had nonpayment of rent in the amount of $125.00 in October, 2000; $470.00 in November, 2000; $700.00 in December, 2000; $195.00 in January, 2001 and $525.00 as of February 23, 2001. This was the last date that the defendant paid rent to the plaintiff.
Mr. DeMattis testified that it was his custom to make payments towards the rent weekly throughout the course of the month, as money became available to him. The landlord's ledger, which dates back to March, 2000, supports this contention. Mr. DeMattis testified that he paid the rent in cash and never requested a receipt from the landlord. The defendant also stated that in addition to operating a business, Kenni's General Store, on the premises which is zoned as commercial property, he "lives" and sleeps there, as well.
DISCUSSION
In closing arguments, defense counsel cited the case of Steinegger v.Fields, 37 Conn. Sup. 534, 425 A.2d 597 (1980) for the proposition that the plaintiffs customarily accepted payments from the defendant throughout the month; accordingly, they were estopped from seeking forfeiture of the property for nonpayment of rent. "Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely CT Page 9290 precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse." Bozzi v. Bozzi, 177 Conn. 232, 242,413 A.2d 834 (1979), citing: 3 Pomeroy, Equity Jurisprudence (5th Ed. 1941) 804, p. 189. The actions of the plaintiffs may, arguably, have led the defendant to believe that he could make rent payments throughout the month and to rely on such an arrangement. There is no evidence to suggest, however, that by action or word the plaintiffs caused the defendant to believe that he could pay an amount less than their agreed upon rental payments each month.
The defendant made partial rent payments each month between October, 2000 and February, 2001, when the notice to quit was served. On February 23, 2001, the last date the defendant paid rent to the plaintiffs, his outstanding rent balance was $2020.00. During each of the months between October, 2000 and February, 2001, the defendant contributed a different amount of money towards the rent due. The defendant testified that he would give the plaintiff "what he could."
Partial payment of rent does not bar this summary process action. See:Manochi v. Anastasio, No. SPNH 9710-52476, Judicial District of New Haven Housing Session, Levin, J. (October 29, 1987). The plaintiff has proven, by a preponderance of the evidence, that the defendant failed to pay the agreed upon rent for several months prior to the notice to quit. The defendant, moreover, has not sustained his burden to show that the plaintiffs are "estopped" from seeking forfeiture. Accordingly, judgment may enter in favor of the plaintiffs.
 CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT