[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
TRIAL REFEREE'S MEMORANDUM OF LAW
The plaintiff brought this action claiming $68,500.00 in back rent plus unpaid water bills of $1,933.28, against the defendant, his former tenant. The plaintiff esentially contends that although the defendant vacated the premises in October, 1989, the lease ran through July 1991 and should be enforced.
The defendant, however, contends that he was constructively evicted from the premises and should not be liable for any back rent or utilities. The defendant specifically claimed that the roof on the premises leaked to such a degree that the premises could not be used for their intended purpose as a weight lifting facility and gymnasium.
The plaintiff, on the stand, insisted that the defendant had taken the premises "as is" and that it was the defendant's duty to make the premises suitable for use as a gymnasium. A review of the lease, however, fails to indicate that the defendant took the premises as is, and, in fact, the lease CT Page 106 states that the purpose of the rental was to accommodate a weight lifting facility and gymnasium.
The plaintiff further testified that he had patched the roof and ultimately replaced it, and that any subsequent leaking was minimal and should not void the lease. The defendant, however, presented substantial evidence, including a video tape, indicating the leaking was substantial and continued to be a problem throughout the occupancy.
The leaking roof caused numerous ceiling tiles to fall, rotted the floor in places, removing certain floor tiles, forced an employee to use an umbrella while serving drinks from the fruit bar, and caused the defendant to place buckets throughout the facility to catch rain. The basement was permanently flooded with considerable water, and the entire premises smelled musty. Silverfish were commonplace, and it is not surprising that the defendant lost considerable business as a result of these deteriorating conditions.
 "` A constructive eviction arises when a landlord, while not actually depriving the tenant of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable'". Thomas v. Roper, 162 Conn. 343, 349 (1972).
In this instance, the landlord's failure to remedy the leak defeated the intended purpose of the lease, and rendered the premises untenantable as a weight lifting facility and gymnasium.
 "[A] breach of the landlord's implied covenant of quiet enjoyment by an eviction, actual or constructive, does provide a defense to an action for nonpayment of rent." S.H.V.C., Inc. v. Roy, 37 Conn. Sup. 579, 585 (1981).
However, to qualify as constructive eviction and secure this defense, the tenant must have "actually vacated the premises for that reason" Ibid.
In the case at hand, the tenant did not "actually" vacate until October 1989, and the defense of constructive eviction accrues as of that date. The defendant, however, paid only $500.00 in rental from July 1, 1989 through October 1989, and the defense of constructive eviction is not available for this period, when the defendant was occupying and utilizing the premises. The defendant was also apparently utilizing City water during this period and failed to pay his water bill.
The defendant, therefore, owes the plaintiff $9,500.00 CT Page 107 as unpaid rental through October 31, 1989 and $1,933.28 for payment of water bills, totalling $11,433.28. The defendant claimed as set off the costs of relocating and creating a new gymnasium, but offered no evidence, other than exceedingly rough estimates by way of testimony of the costs incurred; the defendant presented no receipts, checks or other corroborating evidence of these claimed expenses. Even if the landlord were liable for such consequential damages as a result of a constructive eviction — and constructive eviction is usually considered a defense for nonpayment of rent, rather than a cause of action for damages — the defendant has not proven what damages he has actually incurred and his claimed damages appear speculative from the record before the court.
The plaintiff sought to bar any claim of constructive eviction on the grounds that the stipulated judgment in the initial summary process action somehow barred such a defense from being raised. However, the stipulated judgment of repossession does not necessarily contradict or foreclose a constructive eviction, in that the landlord regains control of the premises through both summary process and constructive eviction. The summary process action and stipulation did not determine how much rent was due under the lease. Therefore, the defense of constructive eviction was not barred in this instance.
During the hearing, it was noted that the lease was between the plaintiff and Solo Corporation, rather than the defendant, as tenant. However, both parties agreed that the plaintiff and defendant, had, for some time, treated the defendant as the tenant. Further, the defendant admitted in pleadings that he was, in fact, the tenant and at hearing, both parties elected to treat the defendant as tenant. Therefore, even though the defendant is not the tenant named in the lease, judgment may enter against him on the grounds that by agreement of the parties, he was substituted for and assumed the benefits of the tenant in this case.
RESPECTFULLY SUBMITTED,
Timothy D. Bates State Trial Referee