[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiffs, Richard E. Kaplan and David E. Kaplan, Trustees of Three Ninety-Four State Realty Trust, brought this summary process action against the defendant, Arthur W. Novarro, claiming possession of the property located at 394 State Street, North Haven, Connecticut. The plaintiffs claimed the defendant was in default of a certain lease entered into by the parties on or about January 23, 1992. CT Page 934
The defendant raised six special defenses. The first special defense raised claims that the relief sought is barred by the equitable doctrines of estoppel and waiver. The second special defense claimed "commercial impossibility" and asserted that any defaults were cured within a reasonable period of time. The third special defense claimed constructive eviction. The fourth and fifth special defenses claimed an anticipatory breach of the lease by the plaintiffs. The sixth special defense claimed a breach of the implied covenant of quiet enjoyment by the plaintiffs.
FACTS
The plaintiffs were the trustees and authorized agents of the owner of 394 State Street, North Haven, Connecticut. As such, the plaintiffs entered into a written lease with the defendant for the premises described in said lease. See Exhibit A. The described premises included a two story commercial building, one attached greenhouse and an attached garage. The term of the lease was from February 1, 1992 to January 31, 1993. The term was extended from February 1, 1993 to January 31, 1994 by an addendum to the lease entitled "Lease Renewal," which was ". . . voidable at the election of the Lessor (plaintiffs) . . ." if the defendant was in default of any material term of the lease: The plaintiffs did not elect to void the lease renewal. Paragraph 24 of the lease stated that the plaintiffs shall repair the roof. Said paragraph further stated that the cost of any major repair shall be shared proportionately by the parties as they agree. If the parties failed to agree as to the division of the cost, either party could have terminated the lease. The defendant took possession of the premises pursuant to said lease and is still in possession of the premises.
In April, 1992, the defendant erected hoop houses on the rear of the demised premises, excavated the front at the southern and southeastern edge of the two story commercial building, performed some grading in the rear of the premises and erected signs. The plaintiffs knew of the activities; however, they never gave the defendant written consent to perform them. The plaintiffs performed snow removal. The defendant was responsible for any snow removal pursuant to the lease. The defendant never consented to the plaintiffs performing the removal. The defendant had also performed or contracted for the performance of the snow removal duties as required under the lease.
Sometime in the summer of 1992, the parties became aware that the Town of North Haven considered the hoop houses and excavation CT Page 935 work to be a violation of the town's zoning laws. The parties cooperated in an effort to obtain permission from the town to allow the hoop houses and excavation work. On December 1, 1992, the Town of North Haven issued a cease and desist order to the defendant. See Exhibit E. The defendant was ordered to cease and desist from "operating until site plan approval is granted." On or about May 14, 1993, the Town of North Haven commenced an action against the parties in which it requested a temporary injunction. See Brandt v. Novarro, et al, Superior Court, judicial district of New Haven, docket no. 347680. The parties entered into a written stipulation granting a temporary injunction that ordered the hoop houses to be removed on or before August 15, 1993. See Exhibit F. This Court reviewed said action and found that the Temporary injunction remained in effect, and the case is still pending.
Pursuant to paragraph 19 of the lease, the plaintiffs, on May 12, 1993, sent a notice of default to the defendant claiming, inter alia, that the construction and maintenance of the hoop houses violated the North Haven ordinances and therefore violated paragraph 8 of the lease. See Exhibit C. The notice demanded that the defendant cure the default within the time period (thirty days) provided for in the lease. On or about June 14, 1993 the plaintiffs caused a Notice to Quit to be served on the defendant. The hoop houses were not removed until sometime after August 15, 1993.
Discussion
The court finds that the defendant violated paragraph 12 of the lease by constructing the hoop houses without first obtaining the written consent of the plaintiffs. Said hoop houses also violated the zoning ordinances of the Town of North Haven and therefore violated paragraph 8 of the lease. The plaintiffs sent the defendant the default notice required under paragraph 19 of the lease. Said notice gave the defendant thirty days in which to cure the defect by removing the hoop houses. The hoop houses were not removed within thirty days and, thereafter, the plaintiffs properly issued a Notice to Quit. The plaintiffs have sustained their burden of proof. The court need not address the plaintiffs' other claims for possession.
The defendant's several special defenses need to be addressed by the court. The defendant's first special defense raised the issues of waiver and estoppel, and the second special defense raised the issues of commercial impossibility and asserted that the CT Page 936 defect was cured within a reasonable period of time. The defendant correctly stated the law regarding said issues. See Barnard v. Barnard, 214 Conn. 99 (1990). However, the court does not agree with the defendant's analysis. The court finds that the lease renewal document is clear and unambiguous. Said lease renewal document modified paragraph z of the lease by making the renewal voidable at the election of the plaintiffs if the defendant was in default of any material term of the lease. This modification allowed the plaintiffs to renew the lease with the defendant in default without waiving their rights to pursue any remedies under the lease. The evidence presented clearly showed that the plaintiffs knew that the hoop houses violated the zoning laws, but the plaintiffs were willing to work with the defendant to try and have the Town of North Haven allow the hoop houses to remain on the premises. When it became clear that the town was not going to allow the hoop houses, the plaintiffs first issued the thirty day, notice of default, then had the Notice to Quit served on the defendant and, finally, commenced this action. The defendant did not remove the hoop houses until well after the return date for this action and after the time period required by the stipulated temporary injunction. The defendant testified that the hoop houses could have been removed in five to seven days per unit. Therefore, the defendant could have removed the hoop houses within the thirty days as required by the default notice and the lease. The plaintiffs did not waive any of their rights under the lease and did not mislead the defendant by their conduct S.H.V.C. Inc. Roy, 37 Conn. Sup. 579 (1981) aff'd, 188 Conn. 503 (1982). For the above mentioned reasons, the defendant's first and second. special defenses fail.[1]
The defendant's third special defense raised the issue of constructive eviction. In order to take advantage of a constructive eviction claim, the defendant must have vacated the premises. Welk v. Bidwell, 136 Conn. 603 (1950). The defendant has not vacated the premises therefore his third special defense fails.
The defendant's fourth and fifth special defenses raised the issue of anticipatory breach, while the sixth special defense raised the issue of a breach of the implied covenant of quiet enjoyment. All three of these special defenses can be dealt with together. The covenants of a commercial lease are deemed to be independent, and the plaintiffs' alleged breach of any covenants in the lease may not be raised in an action for possession. S.H.V.C., Inc. v. Roy, supra.[2]
CT Page 937
CONCLUSION
For the foregoing reasons, judgment of possession may enter in favor of the plaintiffs.
Mintz, J.