[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process matter. At all relevant times, the plaintiff owned a residence in which she lived; she rented a portion of the premises to the defendant for $625 per month on a month to month basis. The rental relation began in the beginning of 1997.
Over time the parties developed differences: the defendant apparently claimed that the plaintiff was not carrying through on promises. In 1998, the defendant complained to the local Fair Rent Commission, which found several code violations and ordered that the plaintiff refund to the defendant the rent which had been paid for the period from August 24, 1998, to September 30, 1998, a total of $766.13.[1] The landlord apparently did not refund this amount, nor did the defendant pay rent at any time after September, 1998. By the defendant's reckoning, the most grievous of the violations had apparently been addressed by the time the March, 1999, rent was due. Rather than pay the rent, however, the defendant mailed a letter, and faxed a copy to the plaintiff's attorney[2], to the effect that she wanted the March rent deducted from the amount awarded by the Fair Rent Commission, and that she would pay April rent if certain repairs were completed. A notice to quit was served on March 11, 1999, and these proceedings were commenced.
For the purpose of this decision, the sole issue framed by the parties is whether the nonpayment of rent is excused by the existence of an outstanding obligation, in the absence of an agreement to that effect. Rent, in the absence of statute, ordinarily is an independent covenant. See, e.g., S.H.V.C., Inc.v. Roy, 37 Conn. Sup. 579, 585-86 (App. Sess. 1981). In the CT Page 6320 residential context, the rule has been ameliorated somewhat by statute; see §§ 47a-1 to 47a-20 of the General Statutes; but none of the exceptions is relevant to this case. For example, there has not been alleged or proved any failure to provide essential services. Cf. § 47a-13 of the General Statutes. If the landlord had agreed to an abatement of rent, an accord and satisfaction of sorts might have existed. As rent is an independent covenant in the absence of an exception, and I find no exception here, judgment must enter for the plaintiff
Beach, J.