## CARIDAD SIERRA *v.* DAVID LOZADA
## (11499)

DALY, LAVERY and SCHALLER, Js.

Argued February 22—decision released April 27, 1993

*Louis Kiefer,* for the appellant (defendant).

*Rochelle Homelson,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (state).

DALY, J. The defendant father, David Lozada, appeals from the trial court's decision to dismiss his

cross complaint for lack of subject matter jurisdiction. This matter arises from an application for a show cause order relating to a support judgment under General Statutes § 46b-172 (b).[1] The state of Connecticut brought the action in the plaintiff's name to establish support payments for two boys for whom the defendant executed an acknowledgment of paternity on August 13, 1991. The plaintiff mother, Caridad Sierra, affirmed the defendant's paternity of her two sons. The state filed the plaintiff's affirmation of paternity and the defendant's acknowledgment of paternity with the family support magistrate division of the Superior Court on August 16, 1991. There was no agreement to support the children filed with these documents.

The state applied to the family support magistrate division of the Superior Court on October 28, 1991, for an order pursuant to § 46b-172 (b) directing the defendant to show cause why a child support judgment should not be entered against him. Because the plaintiff and her sons were receiving benefits under the Aid to Families with Dependent Children (AFDC) program, this matter fell within the definition of a IV-D support case under General Statutes § 46b-231 (b) (15).[2] The order to show cause was issued by the family support magistrate. The application, however, was never decided by the magistrate.

---

[1] General Statutes § 46b-172 (b) provides in pertinent part: "[U]pon the application of any interested party, the court or any judge thereof or any family support magistrate in IV-D support cases shall cause a summons . . . to be issued, requiring the putative father to appear in court at a time and place named therein, to show cause, if any he has, why the court or the family support magistrate assigned to the judicial district in IV-D support cases should not enter judgment for support of the child . . . ."

[2] General Statutes § 46b-231 (b) (15) defines IV-D support cases as "actions for child and spousal support under Title IV-D of the Social Security Act and include cases in which support rights have been assigned to the state in AFDC cases and in foster care cases or cases in which a person has applied to the support enforcement division of the superior court for child-support enforcement services."

On February 24, 1992, the defendant filed an appearance, a cross complaint without an order and summons, and a motion to transfer the case to the family division of the Superior Court. The cross complaint alleged that the defendant was denied suitable access to his children. He requested relief in the form of an award of joint custody and meaningful visitation. The plaintiff filed a pro se appearance with the court on March 23, 1992. The family support magistrate granted the defendant's motion to transfer the case to the family division of the Superior Court and notice of this order was issued on April 13, 1992. The state had unsuccessfully argued before the family support magistrate that the application for show cause could not properly be transferred to the Superior Court because General Statutes §§ 46b-172 (b) and 46b-231 (m) (2)[3] conferred mandatory jurisdiction on the family support magistrate division to hear IV-D support motions, such as the one in the present case.

The state then moved to dismiss the cross complaint pursuant to Practice Book § 142, arguing that the Superior Court lacked subject matter jurisdiction to hear the issues raised in the cross complaint involving custody and visitation because the cross complaint was brought in response to the application for a show cause order in a IV-D support case, and only the family support magistrate had jurisdiction to hear IV-D support cases. General Statutes §§ 46b-172 and 46b-231 (b) (15).

[3] General Statutes § 46b-231 (m) sets forth the powers of the family support magistrate. General Statutes 46b-231 (m) (2) provides in pertinent part: "Family support magistrates shall hear and determine matters involving child and spousal support in IV-D support cases including petitions for support brought pursuant to sections 17-82e, 17-324, 17-578 and 46b-215; applications for show cause orders in IV-D support cases brought pursuant to subsection (b) of section 46b-172, and actions for interstate enforcement of child and spousal support under sections 46b-180 to 46b-211, inclusive, and shall hear and determine all motions for modifications of child and spousal support in such cases. . . ."

The defendant claimed that the dismissal of his cross complaint would require him to file a separate action, which he argued would be unnecessarily duplicative and expensive. The motion to dismiss the cross complaint was granted on May 18, 1992. On June 9, 1992, the defendant's motion to reargue was granted, but the court did not change its decision to dismiss the cross complaint. The defendant claims on appeal that the motion to dismiss was improvidently granted. We disagree.

"The Connecticut Family Support Magistrate's Act, General Statutes §§ 46b-231 through 46b-235, was first enacted in 1986 in response to federal legislation providing federal funds for states that complied with federal requirements for the expeditious enforcement of child support orders in cases arising under Title IV-D. See Public Acts 1986, No. 86-359; 'Child Support Enforcement Amendments of 1984,' Pub. L. No. 98-378, 98 Stat. 1305 (1984), now codified in various sections of 42 U.S.C. §§ 651 through 675." *Perry* v. *Perry,* 222 Conn. 799, 806, 611 A.2d 400 (1992). The enactment of § 46b-231 (d) created " 'the family support magistrate division of the superior court for the purpose of the impartial administration of child and spousal support.' " *Perry* v. *Perry,* supra, 807. This legislation was enacted to address the legislature's "concern for the timely and effective collection of support payments arising out of child and spousal support rights under Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq." *Perry* v. *Perry,* supra, 806.

The present case is a IV-D support case. Thus, an assignment of support rights became effective upon operation of state law when the plaintiff signed her application for public assistance. General Statutes § 17-82b.[4] The allegations and claims for relief set out

___

[4] General Statues § 17-82b provides in pertinent part that by an application for public assistance, "the applicant shall assign to the commissioner

in the cross complaint exceed the scope of the action initiated under General Statutes § 46b-172 (b). Section 46-172 (b) specifically limits an action under that section to support and arrearage payment orders and to providing for past due support. Custody and visitation issues are not involved in actions brought under this provision, but would properly fall within the ambit of an action brought pursuant to General Statutes § 46b-61.[5]

The issue before us is analogous to the issue before our Supreme Court in *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 41 A.2d 109 (1945). There our Supreme Court found that the defendant could not interpose a counterclaim in a summary process action to secure the transfer of the action from the jurisdiction of the justice of the peace, who could not hear the counterclaim, to the Superior Court.[6] Our Supreme Court concluded that where a cause of action is strictly defined by statute, a party cannot interpose a counterclaim in order to secure a transfer of the action to another court division. Id.

the right of support, present, past and future, due all persons seeking assistance and shall assist the commissioner in pursuing support obligations due from the absent parent. Notice of such assignment shall be conspicuously placed on said application and shall be explained to the applicant at the time of application. . . ."

[5] General Statutes § 46b-61 provides: "In all cases in which the parents of a minor child live separately, the superior court for the judicial district where the parties or one of them resides may, on the complaint of either party and after notice given to the other, make any order as to the custody, care, education, visitation and support of any minor child of the parties, subject to the provisions of sections 46b-54, 46b-56, 46b-57 and 46b-66."

[6] Summary process actions are no longer decided by justices of the peace in the "justice courts." Our legislature abolished the justice courts; Public Acts 1959, No. 28, §§ 130, 204; and created the housing docket of the Superior Court in 1978. Public Acts 1978, No. 78-365. Thus, the basis for the rule that counterclaims could not properly be brought in summary process actions is no longer in existence. See *Fellows* v. *Martin,* 217 Conn. 57, 60–63, 584 A.2d 458 (1991); *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 445–51, 473 A.2d 318 (1984). The justification for the rule under the former system involving justice courts remains persuasive nevertheless.

The application for a show cause order in the present IV-D case is likewise a special proceeding assigned to a particular judicial division for hearing and adjudication according to state statute. General Statutes § 46b-231 (m) (2); see 45 C.F.R. 303.101. The allegations in the cross complaint exceeded the scope of the application for a show cause order under General Statutes § 46b-172 (b). General Statutes § 46b-231 (m) (8)[7] provides that a family support magistrate may receive and review written agreements between the parties to a IV-D support case on issues of custody and visitation. The family support magistrate does not have jurisdiction to decide contested claims. The family support magistrate division, therefore, has no authority over the issues presented in the cross complaint because no written agreement is involved here. Thus, the trial court properly refused to expand §§ 46b-172 and 46b-231 beyond their mandates because such an expansion of the jurisdiction of the family support magistrate would cause chaos at both the family support magistrate division and the family division of the Superior Court.

Finally, we note that the defendant is not left without recourse since he can initiate an action in the Superior Court. Section 46b-61 provides for custody and support actions that may be brought when the parents live separately. Such an action may address custody and visitation issues.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] General Statutes § 46b-231 (m) (8) provides in pertinent part: "Agreements between parties as to custody and visitation of minor children in IV-D support cases may be filed with the assistant clerk of the family support magistrate division. Such agreements shall be reviewed by a family support magistrate, who shall approve the agreement unless he finds such agreement is not in the best interests of the child. . . ."