[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Dwyer Sheridan Fitzgerald for plaintiff.
Keith W. Acker for defendant.
The sole issue in question is the defendant father's objection to the plaintiff's demand for immediate wage withholding to secure the child support order.
There are two children, now age 13 and 10. The original judgment provided joint custody with shared physical custody. Support was ordered payable to the plaintiff. The most recent modification, in October, 1991, set the order at $95.00 per week per child, or a total of $190.00 per week. CT Page 6827-K
Since the inception of the dissolution action, there has been constant adversarial activity in this file. This was not abated by the entry of the dissolution judgment. The latest spate of motions include motions by each parent seeking sole custody.[1] The matter was referred for a study by the Family Relations Division, which remains pending.
The plaintiff mother has applied for IV-D enforcement services. General Statutes § 17-578(h). She has requested immediate wage withholding. At her request, the Support Enforcement Division caused a delinquency notice to be served on the defendant. General Statutes §§ 52-362(c), 52-362g.
The defendant filed an objection to immediate wage withholding. He claims that the amount of the alleged delinquency is incorrect, that he is not more than thirty days delinquent in his support, that the children in fact live with him, that he is the custodial parent, and that he provides 100% of the support for the children through direct expenditures.
The record verifies that at this time, custody remains joint and shared, and that there is a support order running to the plaintiff mother. Both parents now seek sole custody of the children. Determination of the custody motions could trigger a radical change in the support orders. However, both parties indicate that the family relations custody study is months from completion. No change of legal custody will take place until the study is done.
The defendant claims that he is not more than 30 days delinquent in his support. In fact, he claims he is not behind at all. The support enforcement division shows an arrearage of $760.00. However, it concedes that Mr. Konon made six regular payments in the month of June, and that some payments may not have posted to his account. At the hearing, the court declined to take detailed testimony on the amount of the delinquency, if any. There is no contempt citation pending, and for the reasons hereinafter set forth, the court finds that the existence or amount of any delinquency is not a predicate to the request for immediate wage withholding, or the objection, under the procedure employed.
Our wage withholding statute provides that "[t]he superior court and any family support magistrate shall issue an order for withholding pursuant to this section against the earnings of an CT Page 6827-L obligor to enforce a support order when the support order is entered or modified or when the obligor is before the court in an enforcement proceeding. The court shall order the withholding to be effective immediately or may, for cause or pursuant to an agreement by the parties, order a contingent withholding. . . ." General Statutes § 52-362(b). When the last modification of the support order was determined in October, 1991, the parties both signed a waiver of immediate wage withholding. The court,Norko, J., ordered contingent wage withholding. Another signed waiver dated March 2, 1993 appears in the file.
The statute[2] prescribes a procedure for demanding immediate wage withholding upon delinquency in support where a contingent wage withholding was previously ordered. A delinquency notice must be served on the obligor, which must provide specified information to the obligor. General Statutes § 52-362(c). The statute directs that the obligor be given notice that he may contest the claimed delinquency, seek modification of the withholding order, claim any lawful exemption, or "seek modification of the support order by a proper motion filed with the court or family support magistrate." The notice form must include a space wherein the obligor can state his defenses. Mr. Konan in fact utilized the response space on his form to state his defenses, and had a copy of his response served on the plaintiff.
Once a response is filed by the obligor, the statute requires a short calendar hearing, and that the court determine the claim within 45 days of the hearing. General Statutes § 52-362(e). Immediate withholding must be ordered "[u]nless the obligor successfully shows cause why the withholding order should not take effect. . . ." Such a showing may be based on mistake of fact, an exemption, or the obligor ". . . may file by motion a modification or defense to the support order to be enforced by the withholding." General Statutes § 52-362(e).
In December, 1992, the Office of Child Support Enforcement of the United States Department of Health Human Services (hereinafter OCSE) notified the Bureau of Child Support Enforcement of the Connecticut Department of Human Resources, which was then[3] the IV-D agency of the state, that the Connecticut wage withholding statute was in apparent conflict with federal regulations. Letter of Gene R. Cavallero, Program Manager, Office of Child Support Enforcement, United States Department of Health Human Services, December 10, 1992 (hereinafter cited OCSE Letter) (The letter is set forth in CT Page 6827-M Appendix A). Although there is no federal preemption in child support law, compliance with federal regulations is necessary to obtain federal funding for the state support enforcement plan.45 C.F.R. § 301.10; see Collier v. Jennings, 1 S.M.D. 92, 97;3 CSCR 204 (1987).
Two apparent conflicts were identified. First, federal regulations provide that the custodial parent may demand immediate wage withholding at any time regardless of the amount of the arrearage and without establishing a delinquency. 45 C.F.R. § 301.100(c)(1)(ii).[4] Secondly, federal regulations provide that the only allowable defense is mistake of fact, which is limited to an error in the amount of the support order or a mistake of identity of the obligor. 45 C.F.R. § 301.100(c)(3); OCSE Letter.
An opinion of the Attorney General was requested to determine whether or not the apparent conflict existed. In an opinion dated October 4, 1993, Attorney General Richard Blumenthal issued an opinion stating that "Connecticut's wage withholding laws, and related child support legislation, meet the federal requirements." Op. Atty. Gen. October 4, 1993, 2 (the opinion of the Attorney General, which as of this writing is not yet in the official compilation, and hereinafter cited "Op. Atty. Gen.," is set forth in Appendix B.)
The Attorney General's route to this conclusion is somewhat elliptical. He first noted that General Statutes § 17-578(a) created the Bureau of Child Support Enforcement and designated it as the IV-D agency for Connecticut. The Bureau is authorized to implement child support services "including the administration of withholding of earnings in accordance with the provisions of Title IV-D of the Social Security Act, as amended." General Statutes § 17-578(a); Op. Atty. Gen., 2. Furthermore, the commissioner of social services is authorized ". . . to conform to federal requirements necessary for the receipt of federal matching grants and not prohibited by the general statutes." General Statutes § 17-578(i); Op. Atty. Gen., 2-3. The opinion also points to General Statutes § 17- 601, which provides in part that the Department of Social Services ". . . may operate under any new policy necessary to conform to a requirement of a federal or joint state and federal program while it is in the process of adopting the policy in regulation form. . . ." Op. Atty. Gen, 3.
Based on the foregoing excerpts, the Attorney General concludes that "the legislature's express concerns about ensuring CT Page 6827-N compliance with federal requirements mean that every legitimate presumption must be given to an interpretation which allows the federal mandate to be implemented, even in the absence of an express grant of specific enabling authority." Op. Atty. Gen., 3. Since General Statutes § 52-362 "simply does not address, and, therefore, clearly does not prohibit, wage withholding at the request of the custodial parents . . ." by implication such wage withholding on demand is authorized. Op. Atty. Gen., 3.
The Attorney General disposes of the second issue a bit differently. The federal mandate requires the state plan to provide that "[t]he only basis for contesting a withholding under this paragraph is a mistake of fact, which for purposes of this paragraph means an error in the amount of current or overdue support or in the identity of the alleged absent parent." 45 C.F.R. § 301.100(c)(3). Our statute provides that "[a]n obligor may claim a defense based upon mistake of fact, an exemption in accordance with subsection (f) of this section with respect to the withholding order, or may file by motion a modification or defense to the support order to be enforced by the withholding. . . ." General Statutes § 52-362(e). The first clause, "mistake of fact," is obviously consistent with the federal mandate. The second clause deals with "exemption," not "defense," and therefore does not conflict with the federal rule. Op. Atty. Gen., 4.
The third clause is more troublesome. The Attorney General opines that "the filing of a modification motion is not a defensive claim . . ." notwithstanding the arguable linkage in the wording of the statute. The Attorney General, however, concedes a potential problem with the delay occasioned by filing of a motion to modify. Indeed, the inquiry letter from the federal Office of Child Support Enforcement specifically states that "[i]f a motion is filed, the implementation of the wage withholding is delayed pending a decision on the motion. This delay causes Connecticut to be out of compliance with Federal regulations." OCSE Letter. The Attorney General responds by first claiming that since the obligor ultimately cannot avoid the imposition of a wage withholding order, the filing of a motion to modify should not be considered a "contesting" of the demand for withholding. Op. Atty. Gen., 4. He downplays the concern for "delay" because the obligor is given only 15 days to respond to the delinquency notice, General Statutes § 52-362(d), and that once filed, the statute provides that the "court or family support magistrate shall promptly hear and determine the claim or motion and notify the obligor within forty-five days from the date of the delinquency CT Page 6827-O notice of its determination." General Statutes § 52-362(e).
This time requirement has no enforcement mechanism, however. The problem posed by the present case is not addressed by the statute. Here, both parties have filed motions which clearly will bear on the amount of the support order. The defendant obligor has correctly cited these contested motions as part of his timely filed response. This court, however, has no capability to "hear and determine" these motions within forty-five days, or any other time period. The custody motions must be heard by a judge of the Superior Court, and are outside the jurisdiction of the Family Support Magistrate Division. General Statutes §§ 46b-56 and46b-61; see also Sierra v. Lozada, 31 Conn. App. 114, 119,623 A.2d 1045 (1993). The wage withholding statutes provides that if a motion is filed, ". . . imposition of the withholding order shall be stayed until the claim or motion is decided by the court or a family support magistrate." (emphasis added) General Statutes § 52-362(e). Since the modification motions are outside the jurisdiction of this division, this court has no alternative under the statute but to stay imposition of the wage withholding order until the motions are decided.
This court has additional concerns regarding the procedure employed by the State in the present case. The Department of Social Services mailed to the defendant Form JD-FM-68 (Rev.12-89), entitled "Delinquency Notice and Claim Form Support Wage Withholding" (set forth as Appendix D). Although the Attorney General's opinion concludes that the federal rules apply, the form prominently links the demand for wage withholding to an alleged thirty day delinquency. On the reverse side of the form, in Part 1, the obligor is invited, by means of a check off, to pose as a defense: "I am not behind 30 days or more in my support obligations." In the present case, the defendant indeed claimed this defense, and sought to prove his claim at the evidential hearing. The thirty day delinquency predicate appears in General Statutes § 52-362(c), although under the wording of the statute it may not be applicable where, as here, a contingent wage withholding was previously ordered.[5] Furthermore, the form provides, in Part 111, an invitation for the obligor, again by check off, to seek a modification of the support order. While the statute clearly indicates that modification of the support order by motion
must be afforded the obligor, the form leads the obligor to believe that he can abrogate the service and procedural requirements for modification by simply signing and returning the form. Practice Book §§ 196, 464(b). This suggests serious due process concerns, CT Page 6827-PConnolly v. Connolly, 191 Conn. 468, 475, 464 A.2d 837 (1983);Winick v. Winick, 153 Conn. 294, 298, 216 A.2d 185 (1965), as well as a probable conflict with 45 C.F.R. § 303.100(d), governing notice provisions. Fortunately for the obligor in the present case, the motions were filed separately, and he also took, on his own initiative, the added step of serving the claim form, with a summons, on the plaintiff.
The court finds the claim form to be at best misleading, and in probable conflict with the federal rules that the Attorney General says now apply to Connecticut. For example, although the form clearly implies that a thirty day delinquency is necessary to trigger immediate wage withholding, the regulation provides for any support issued or modified after November 1, 1990, that "the wages of an absent parent shall be subject to withholding,regardless of whether support payments by such parent are inarrears. . . . 45 C.F.R. § 303.100(b)(1).[6]
Interestingly, the form does not cue the obligor to raise what might be a valid defense. The same section mandating wage withholding includes an exception where a written agreement to forego wage withholding is reached between the absent and custodial parent. 45 C.F.R. § 303.100(b)(1)(ii). As mentioned above, two written waivers of immediate wage withholding were filed in this case. At the hearing, neither the plaintiff nor the State cited any provision of federal or state statute that would provide revocation of that waiver under the procedures employed here,[7] nor did they articulate any grounds other than the alleged delinquency for the court to abrogate the waivers.
Because the court finds that the statutory stay applies in this case until the modification motions are determined, and in view of the written waivers, it is not necessary to reach the validity of the remainder of the Attorney General's opinion or the applicability to other provisions of the federal regulations or state law.
The defendant's objection to immediate wage withholding is sustained, and the demand for immediate wage withholding is denied.
Lifshitz, Judge