[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 15, 1997
This five-count summary process action for possession of the premises located at 342 Bantam Road, Litchfield, Connecticut, was filed by the plaintiff and owner of the premises, Lorraine Curnan, trustee, on April 18, 1997, against the defendants, Carrie A. Newton, Carrie A. Newton d/b/a Carrie's American Grill and Coffee House, Gary Copeland and The Big Easy, Inc. The lease agreement, dated September 29, 1994, provided that the plaintiff would lease to Carrie A. Newton and Carrie Newton A. d/b/a Carrie's American Grill and Coffee House the above mentioned property consisting of approximately 2600 square feet of retail space. It provided that the lessee shall have the right to use and occupy the premises for the purpose of a coffee shop/luncheonette/restaurant/bar. The lease agreement was for five years and the lessee agreed to pay rent in the amount of $2000 per month.
In count one of the complaint the plaintiff alleges non-payment of rent against Carrie A. Newton and Carrie Newton A. d/b/a Carrie's American Grill and Coffee House. The second count alleges non-payment of rent against Gary Copeland and The Big Easy, Inc. The third count is directed to all the defendants and alleges that the defendants have no right or privilege to occupy and possess the premises pursuant to the claimed September 1994 lease. In count four the plaintiff alleges abandonment against CT Page 12627 Carrie A. Newton and Carrie Newton A. d/b/a Carrie's American Grill and Coffee House. Count five, directed at all the defendants, alleges that the defendants violated the lease agreement.
On May 13, 1997, the defendants filed an answer, special defenses and counterclaims. The first special defense alleges that any breach by the defendants was caused by the plaintiff and her failure to comply with General Statutes § 47a-7. The second special defense alleges that the plaintiff is unable to pursue rent due to a violation of General Statutes § 47a-5 in that no certificate of occupancy was issued for the time in question. In their third special defense, the defendants allege that this was a retaliatory action by the plaintiff in violation of General Statutes § 47a-20 in that the defendants, in good faith, requested the plaintiff to make repairs on numerous occasions all of which were unheeded by the plaintiff.
Count one of the defendants' counterclaim alleges that the plaintiff tortiously interfered with the defendants' business expectancies. In count two, the defendants allege that the plaintiffs failure to repair the premises, provide essential services and a sound structure is substantial and constitutes an interference with the defendants' use and enjoyment of the premises. In both counts, the defendants seek monetary damages.
The plaintiff filed this motion to strike the defendants' special defenses and counterclaims on May 29, 1997. The plaintiff moves to strike the special defenses on the ground that General Statutes §§ 47a-5, 47a-7 and 47a-20 are limited to the use and occupancy of a dwelling unit and the premises in issue is a commercial unit. The plaintiff moves to strike the defendants' counterclaims on the ground that an action for money damages cannot be maintained in a summary process action. The plaintiff filed a memorandum in support of her motion. The defendants did not, however, file a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, counterclaim, or cross complaint to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). Pursuant to Practice Book § 152(5) a plaintiff can also move to strike a special defense. See Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 368 (1978). "In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 12628 complaint"; id.; and the grounds specified in the motion.Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
(1987). "The motion to strike admits all facts well pleaded."Mingachos v. Central Broadcasting Systems, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The landlord and tenant statutes, General Statutes §§47a-1 through 47a-20a, are located in Chapter 830. These statutes apply to residential premises and are not applicable commercial leases. Johnson v. Fuller, 190 Conn. 552, 558, 461 A.2d 988
(1983); Hoban v. Masters, 36 Conn. Sup. 611, 613, 421 A.2d 1318
(1980). Since all three of the defendants' special defenses, General Statutes §§ 47a-5, 47a-7 and 47a-20, are inapplicable to commercial leases, they cannot form the basis for a special defense.
"Complaints and counterclaims seeking money damages are not permitted in summary process lawsuits, either tenant against landlord or landlord against tenant. Atlantic Refining Co. v.O'Keefe, 131 Conn. 528, 531, [41 A.2d 109] (1945); Webb v.Ambler, 125 Conn. 543, 551, [7 A.2d 228] (1939)." Henesy v.Fleiss, Superior Court, judicial district of Stamford-Norwalk Housing Session at Norwalk, Docket No. 9512-027 (April 26, 1996) (Tierney, J.). Both counts of the defendants' counterclaims seek monetary damages. Accordingly, those counts are legally insufficient.
For the foregoing reasons, the plaintiffs motion to strike the defendants' special defenses and counterclaims is granted.
Pickett, J.