[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY #112)
The plaintiff, Palace Oriental Rug Gallery, Inc. (Palace), has filed a two-count complaint against the defendants, Assurance Company of America (Assurance) and H. H. and E.C. Smith Trust (Smith). Palace alleges the following facts: Smith leased commercial premises to Palace. In April, 1996, part of the roof was blown off in a storm. Palace sustained property damage to its oriental rugs and floor treatments as a result of alleged water leakage.
In the first count, Palace alleges that Assurance, having been duly notified of Palace's claims, has wrongfully refused to compensate Palace in accordance with the provisions of their insurance policy. In the second count, Palace alleges that damage to the roof, the interior of the building and its inventory was caused by the carelessness and negligence of landlord Smith.
Landlord Smith seeks summary judgment. The matter thus involves traditional disagreement about whether material factual dispute exists and tenant Palace further argues that the leases "hold harmless clause" is unenforceable.[1]
The party moving for summary judgment "has the burden of demonstrating the absence of any genuine issue of material fact." Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . (Internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 751-52, 660 A.2d 810 (1995).
Here, paragraph ten of the lease between Palace and Smith CT Page 3970 deals with the liability of the landlord and provides: "Landlord shall not be responsible for the loss of or damage to property, . . ., occurring in or about the demised premises, by reason of any existing or future condition, defect, matter or thing in said demised premises or the property of which the premises are a part . . . Tenant agrees to indemnify and save Landlord harmless from all claims and liability for losses of or damage to property, whether caused by or resulting from falling plaster, dampness, any overflow or leakage upon or into the demised premises of water, rain, snow, steam, gas or electricity, . . . nor for damage from any other such source, . . . or injuries to persons occurring in or about the demised premises, and from such claims by employees of Tenant in or about the premises of Landlord, of which demised premises are a part."[2]
Palace relies on General Statutes § 47a-4 (a)(3) in urging that the "hold harmless" provision in the lease is unenforceable because it attempts to limit Smiths liability for its alleged failure to properly repair and maintain the roof of the demised premises. General Statutes § 47a-4 (a) provides: "A rental agreement shall not provide that the tenant: . . . (3) agrees to the exculpation or limitation of any liability of the Landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith. . . ." Thus, this statute's relevance would ordinarily depend on whether the law required something of the landlord here. Moreover, General Statutes § 47a-4 (b) provides: "A provision prohibited by subsection (a) of this section included in a rental agreement is unenforceable."
However, the courts survey need not reach so far, because the landlord and tenant statutes, General Statutes §§ 47a-1
through 47a-22, "were passed to aid residential apartment dwellers, and do not apply to commercial leases. The term `rental agreement' used in General Statutes [§ ] 47a-4 is defined in [§ ] 47a-1 (i) as `all agreements . . . concerning the use and occupancy of a dwelling unit and premises.' `Dwelling unit' in turn is defined as any `building, or portion thereof, which is rented . . . out to be occupied . . . as a home or residence. . . .'" Hoban v. Masters, 36 Conn. Sup. 611, 613,421 A.2d 1318 (1980); see also Wooster Square Development v. Leaphart, Superior Court, judicial district of Danbury, Docket No. 978355 (December 16, 1997, Radcliffe, J.) (General Statutes § 47a-1 through 47a-22a are inapplicable since lease CT Page 3971 concerned commercial property entered into freely between presumably sophisticated parties); Curnan v. Newton, Superior Court, judicial district of Litchfield, Docket No. 185916 (August 15, 1997, Pickett, J.) (20 Conn. L. Rptr. 317, 318) (holding that landlord and tenant statutes apply to residential premises and not commercial leases). Here, the aforementioned landlord and tenant statutes are inapplicable because the lease between Palace and Smith is a commercial lease. Therefore, tenants reliance upon C.G.S. 47 a-4(a)(3) to render unenforceable the "hold harmless clause" is misplaced.
The "hold harmless" clause being not statutorily unenforceable, it appears to safely reside in a setting bereft of material fact dispute.[3] As a result, landlord Smiths motion for summary judgment must be granted.
NADEAU, J.