[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested summary process action brought based upon lapse of time. The following facts are found on plaintiff's complaint seeking judgment of possession of the premises at issue: for several years prior to 1989, the plaintiff leased a certain pond-front parcel of land to the defendants on an annual basis pursuant to a verbal agreement. In May 1989, through a letter from her attorney, the plaintiff offered to lease the land to the defendants for one additional year. The letter advised the defendants, however, that this would be the last year a rental would be offered because the plaintiff intended to subdivide and sell the property. The defendants rented the premises for the additional year, but failed to vacate the premises on May 31, 1990, when their lease lapsed and their right of possession ended. The plaintiff then brought this action.
The plaintiff has sustained her burden of proving that the defendants' right to possession of the land has terminated because of lapse of time. In order to prevail in this action, therefore, the defendants must sustain their burden of proof as to one of their two special defenses. The first special defense asserts that the plaintiff is equitably estopped from seeking judgment of possession. The second special defense alleges that the plaintiff will be unjustly enriched if judgment of possession is entered.
The defendants' special defenses arise out of the fact that they are the owners of a small cottage (30 feet by 30 feet) located on the land which they have leased from the plaintiff. The defendants purchased the cottage from the plaintiff's brother, Charles Labas, in 1979 for $3000.00. Simultaneous with purchasing the cottage, the defendants entered into a written five-year lease for the premises. The plaintiff acquired ownership of the premises after the lease was entered into. She honored the terms of the lease until its expiration and thereafter leased the premises to the defendants on a verbal year-to-year basis.
The defendants allege that they made expenditures for improvements to the cottage based on certain representations made by Charles Labas when he was the owner of the property. They further allege that the road providing access to the premises is unimproved and narrow and would not permit the defendants to remove their cottage if judgment is entered against them.
The defendants did not brief either of the special CT Page 10818 defenses in their post-trial memorandum. The memorandum instead asks the court to condition any judgment of possession upon payment to the defendants of their expenses for the purchase and improvements to the cabin. Such a result would be improper. Although the defendants initially filed a counterclaim in this action, it was later withdrawn by amendment to the answer. The withdrawal was in accord with the clear line of authority which holds that counterclaims are not permissible in summary process actions. Webb v. Ambler, 125 Conn. 543, 551 (1939); Atlantic Refining Co. v. O'Keefe, 131 Conn. 528, 531 (1945). The only issue before the court in this summary process action is the right to possession. Neither the state of the pleadings nor applicable law allow the result which defendants seek. Fischer v. Kennedy, 106 Conn. 484 (1927), cited by the defendants, does not permit a different result. The case was brought for specific performance of a contract to purchase real estate; it was not a summary process case.
The court finds that the defendants have failed to sustain either of the special defenses. The defendants' second special defense, based on unjust enrichment, cannot be sustained as a matter of law. Irrespective of any facts proved, this defense is without merit because unjust enrichment is a cause of action which permits a recovery; it is not a defense which precludes recovery by another party. Unjust enrichment is a doctrine which allows the restoration to a party of something of which he was deprived. Burns v. Koellmer, 11 Conn. App. 375, 383 (1987). Unjust enrichment is a form of the equitable remedy of restitution which enables one party to recover the benefit conferred on another party where no express contract has been entered into. Id. at 385. This defense cannot be sustained as a matter of law.
The defendants' first special defense alleges that on or before May 22, 1979, when the defendants purchased the cottage, Charles Labas represented to the defendants that he did not intend to transfer title to the premises and that the five-year lease would be renewable indefinitely. The defendants allege that they relied on these representations in making expenditures to improve the cottage and that the plaintiff took title to the premises knowing that defendants owned the cottage and knowing of the representations made by her brother. Based on these allegations, the defendants claim plaintiff is equitably estopped from taking possession.
An equitable estoppel arises only where one party has done something intended or calculated to induce another to CT Page 10819 believe in the existence of certain facts and to act on that belief. S.H.V.C., Inc. v. Roy, 37 Conn. Sup. 579, 584
(1981, Appellate Session of the Superior Court). Reasonable reliance on the misleading conduct and resulting detriment are also required. Id. None of these elements was proven at trial.
One of the defendants admitted in his testimony that Mr. Labas did not represent that the defendants could lease the land indefinitely. He also admitted that Mr. Labas never said he would not sell the property. From the testimony presented, it is found that Mr. Labas' statements to the defendants were at best a vague, generalized reassurance to the defendants that the land would be available to them. The statements were implicitly limited by Mr. Labas' ownership of the property. No direct or inferential evidence was presented from which the court could find that Mr. Labas intentionally induced the defendants to make improvements to or purchase the cabin. In fact, most of the improvements made by the defendants were completed prior to their purchase of the cabin and both defendants acknowledged that Mr. Labas was somewhat upset about the improvements because of his concern that his real estate taxes would increase. No testimony was presented that the plaintiff here, Mr. Labas' sister, was aware of any representations made by her brother. No basis for equitable estoppel based on the plaintiff's own conduct was alleged or proven. The facts are insufficient to sustain the first special defense of equitable estoppel. The plaintiff is entitled to judgment of possession.
The plaintiff also asks the court to enter an order for use and occupancy payments from June 1, 1990. The file reflects that the defendants filed their answer and special defenses on August 3, 1990. On August 9, 1990, the plaintiff filed her motion for use and occupancy. The defendants objected, claiming the motion for use and occupancy was untimely. A hearing on the motion for use and occupancy was scheduled for September 24, but did not go forward. Trial was held on November 19 and plaintiff renewed at trial her claim for use and occupancy payments.
Under Conn. Gen. Stat. 47a-26b, the court is to order periodic payments of use and occupancy by an appearing defendant on motion by the landlord. Use and occupancy is to be paid beginning with the date of the order and continuing during the pendency of the action. The sanction for failure to pay is that the defendant is immediately ordered to file an answer and proceed to trial. CT Page 10820 It is clear from a reading of Section 47a-26b that use and occupancy payments are ancillary to the principal purpose of summary process: to provide the parties with prompt resolution of disputes concerning possession. Use and occupancy can only be ordered as to appearing defendants and is intended to protect the landlord from loss of rental income while the tenant files such motions as his/her counsel may deem appropriate. The statute does not provide for a landlord to claim at trial retroactive use and occupancy payments back to expiration of the lease. To enter such an order after trial would violate the stricture against awarding money damages in a summary process case. The court therefore will not enter a use and occupancy order in this action.
Judgment of immediate possession is entered on behalf of the plaintiff landlord, with costs.
CHRISTINE S. VERTEFEUILLE, JUDGE