[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this summary process action in two counts: failure of the defendant to pay rent, and termination of tenancy at sufferance. Defendant's answer alleges a general denial and interposes two special defenses: an offset against rent for her legal expenses incurred to defend against plaintiff's prior eviction proceeding, and a claim the premises are not fit and habitable.
The facts are as follows: Plaintiff's predecessor in interest and defendant entered into a lease dated September 30, 1994 as to apartment B-9, 40 Owen Street, Hartford, Connecticut for the rental of $640 a month. The lease had a hold-over provision to the effect that if the defendant remained in the apartment "without consent after this lease ends, this lease will be on a monthly basis." The defendant took occupancy on October 1, 1994 and has remained in the apartment since without the lease being CT Page 16360 renewed. When defendant failed to pay the rent in the early part of 1999, plaintiff served a notice to quit and initiated a summary process suit against her. Defendant hired a lawyer who interposed an answer. Plaintiff withdrew that case on July 20, 1999, and on July 23, 1999 its attorney wrote to defendant, saying, "[Y]ou are hereby reinstated as a Tenant in good standing . . . All of the terms and conditions of the prior lease entered into between you and your prior landlord in October, 1994 are now in full force and effect. The effect of your prior lease is that you have an oral month-to-month lease . . . . The monthly rent of $640 is due and payable on the first day of each month commencing August, 1999."
The defendant responded on July 30, 1999, offering thanks "for reinstating me as a tenant in good standing" and added, "However, I do not agree with nor recognize your new version of the lease." She acknowledged the monthly rental of $640 a month, asserted she had incurred legal fees of $2231.25 to successfully defend the "unnecessary eviction action which you withdrew," and demanded the right to offset those fees against rent due through the middle of October.
The court finds the defendant did not pay the rent in July and August, 1999, as alleged in the first count of plaintiff's complaint. Defendant claims she was not obligated to do so because plaintiff's notice to quit in the first summary process action terminated the tenancy. There is no merit to this claim. The court in Housing Authority v. Hird, 13 Conn. App. 150, 157
(1988) clearly stated the consequences of a withdrawal of an eviction suit. It said, "The withdrawal of the summary process action . . . effectively erased the court slate clean as though the eviction predicated on the notice to quit possession had never been commenced. The plaintiff and defendant were `back to square one', and the continuation of their lease . . . was restored."
In July 1999, the lease not having been renewed, defendant held over under the lease as a month-to-month tenant. Even if the plaintiff's attorney's attempt to reinstate all the terms and provisions of the lease was ineffective because defendant did not consent, the correspondence between the parties clearly establishes they agreed that the monthly rent was $640. Defendant failed to pay this amount in July and August, 1999. Therefore, plaintiff is entitled to prevail on the first count of the complaint. CT Page 16361
In her first special defense defendant seeks to offset against the rent, admittedly owed, attorney fees in the amount of $2231.25 she incurred in connection with the first summary process action the plaintiff started and then withdrew. C.G.S. Sec. 42-150bb provides that when a lease allows for attorneys fees for the landlord, "attorney's fees shall be awarded as a manner of law to the [tenant] who successfully . . . defends an action . . based upon the . . . lease. . . . [T]he attorney's fees awarded to the [tenant] shall be in a reasonable amount . . . ."
Here the lease did provide for attorney's fees for the plaintiff, so the statute comes into plaly. This court leaves open the question whether or not defendant has "successfully" defended the plaintiff's first summary process action when plaintiff withdrew it. Such an outcome could seriously discourage settlements if landlords became exposed to claims under Sec.42-150bb every time they settled suits by withdrawals. However, in this case defendant cannot prevail on its special defense for several reasons. First, after the termination of the first summary process, suit no court awarded her attorney's fees in the amount of $2231.25, and in this case no evidence was presented that that amount was reasonable. Secondly, defendant's special defense is really an attempt to assert a counterclaim for money damages. This the law does not allow. As stated in the early case of Webb v. Ambler, 125 Conn. 543, 551 (1939), "In view of the restricted nature of the issues open in a summary process, action the counterclaim for money damages for partial eviction had no place in the case." See also Atlantic Refining Co. v. O'Keefe,131 Conn. 528, 531 (1945).
The fact defendant seeks to offset monies allegedly owed on a claim external to the instant summary process action against rent due in this case does not change the application of the cases above cited.
In support of her special defense that the premises were uninhabitable and she was relieved of the obligation to pay rent pursuant to Sec. 47a-7, she testified to a defective fan, leaky window, faulty electrical wiring, and other tenants threatening her in the common areas. The court finds that defendant's unilateral, self-serving complaints about the fan, window and electrical wiring insufficient to render the apartment unfit for use. Evergreen v. Brown, 35 Conn. Sup. 549, 552 (1978). Although CT Page 16362 in Visco v. Cody, 16 Conn. App. 444 (1988), and in Alteri v.Layton, 35 Conn. Sup. 261 (1978) involved actions of retaliatory evictions under Sec. 47a-20, they look to Sec. 47a-7 and construe that statute as applying only when there is a failure by the landlord to make substantial repairs, not the minor ones this court finds here. As for defendant's testimony about the dangerous situations in the halls, the court does not find it creditable.
As a consequences the court concludes plaintiff proved the allegations of the first count of its complaint and the defendant failed to prove the allegations of her special defenses. Accordingly, judgment of possession may enter in favor of the plaintiff.
Robert Satter State Judge Referee