[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#4) Facts
The plaintiff, Wayne Neff, brings this summary process action as executor of the estate of the decedent, Richard A. Neff. In the five CT Page 5466 count complaint, filed on November 26, 2001, the plaintiff alleges the following facts. On or about November 1, 1991, the decedent leased the premises located at 49 West Main Street in Mystic to the defendants R. Todd O'Donnell, Kathleen M. Hewes and Patricia M. Berggren for a term of five years with an option to renew for three five year terms. The defendant Bruce Holstein is the assignee or subtenant of O'Donnell, Hewes and Berggren. In the five counts of the complaint, the plaintiff claims the right to possession of the premises by virtue of (1) lapse of time, (2) the defendants' lack of right or privilege to occupy the premises, (3) termination of the defendants' right or privilege to occupy the premises, (4) nonpayment of rent by O'Donnell, Hewes and Berggren, and (5) nonpayment of rent by Holstein. The plaintiff seeks possession of the premises.
On December 3, 2001, Holstein filed an answer including two special defenses and a counterclaim. In his counterclaim, Holstein alleges the following facts. Holstein operates a sporting goods store on the premises. On or about May 31, 2001, Holstein notified the plaintiff in writing of damages and expenses incurred from the plaintiffs failure to make previously requested repairs to the roof of the premises. Holstein informed the plaintiff that rent for the month of June and future months would be paid into escrow until the parties were able to reach an accord. Holstein's attorney subsequently sent additional correspondence to the plaintiff attempting to resolve the matter, but received no response. The plaintiff subsequently accepted rent payments for the months of October and November, 2001. The plaintiffs failure to make reasonable and necessary repairs in a timely manner constituted a breach of the lease and caused damage to Holstein, including losses to business inventory, and rendered the premises untenantable. In his prayer for relief, Holstein seeks judgment on his counterclaim, consequential damages, attorney's fees and such other equitable relief as the court deems proper.
On January 11, 2002, the plaintiff filed a motion to strike Holstein's counterclaim on the ground that a counterclaim for damages is impermissible in a summary process action. The plaintiffs motion is accompanied by a memorandum of law. Holstein filed an objection to the motion to strike and a memorandum of law in opposition on January 18, 2002. The court heard oral argument on the motion to strike on January 29, 2001.
 Discussion
The plaintiff moves to strike Holstein's counterclaim on the ground that a counterclaim for money damages is impermissible in a summary process action. In response, Holstein argues that his counterclaim is CT Page 5467 legally sufficient because (1) equitable defenses and counterclaims implicating the right to possession are available in a summary process proceedings, (2) General Statutes § 47a-33a permits a tenant to present any legal, equitable or constitutional defense in a summary process action, and (3) he is entitled to a legal or equitable setoff.
Counterclaims, including those seeking money damages, were traditionally impermissible in summary process actions. See AtlanticRefining Co. v. O'Keefe, 131 Conn. 528, 531, 41 A.2d 109 (1945); Webb v.Ambler, 125 Conn. 543, 551-52, 7 A.2d 228 (1939). More recently, our Supreme Court recognized the right of a defendant in a summary process action to raise certain equitable defenses and counterclaims in Fellowsv. Martin, 217 Conn. 57, 584 A.2d 458 (1991). In Fellows, the plaintiff and defendant were parties to a residential lease for a term of ninety-nine years. The defendant withheld $25 from one month's rent because of a dispute over parking accommodations. After the plaintiff brought a summary process action for nonpayment of rent, the defendant filed a counterclaim seeking "denial of the summary process action on equitable grounds" and money damages.
The Fellows court reviewed the history of summary process actions in Connecticut's courts: "[I]n Atlantic Refining Co. v. O'Keefe, [supra,131 Conn. 531], . . . we held that neither equitable nor legal counterclaims were available in summary process actions. When AtlanticRefining Co. was decided, however, summary process actions were still decided by justices of the peace in the `justice courts,' which did not have jurisdiction over equitable issues. . . . Summary process defendants at that time could not, therefore, raise equitable defenses, but could and did bring separate actions in equity to enjoin the prosecution of summary process actions." (Citations omitted.) Fellows v. Martin, supra,217 Conn. 60-61.
"In the years since Atlantic Refining Co., the legislature abolished the justice courts . . . and . ., created the housing docket of the Superior Court. In addition to hearing summary process actions . . . `housing court' judges hear actions on a wide range of `housing matters' including administrative appeals, building code violations and [a]ll actions for back rent, damages, return of security deposits and other relief arising outof the parties' relationship as landlord and tenant or owner and occupant." (Citations omitted; internal quotation marks omitted.) Id., 61.
The Fellows court concluded that "there is no longer sufficient justification for the old prohibition against the application of equitable principles barring forfeitures to summary process, that the prohibition, arising from an obsolete system, is itself obsolete, and that CT Page 5468 equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding." Id., 62. Accordingly, the Supreme Court determined that the trial court should have entered judgment in favor of the defendant on the basis of the defendant's counterclaim pleading the equitable doctrine against forfeitures.
It is important to note that the holding in Fellows allowing equitable defenses and counterclaims in summary process actions is limited to defenses and counterclaims "implicating the right to possession. . . ." Id. The distinction between such defenses and counterclaims and those seeking money damages is clear in the court's rescript, which states: "Because the trial court could not reasonably have failed to grant equitable relief to the tenant by relieving her from forfeiture of the lease, we reverse the judgment of possession on the complaint, but remand for further proceedings regarding the amount due the landlord. We affirm the dismissal of the counterclaim to the extent that it claimed damages, because its prayers for monetary relief did not implicate the right to possession." Id., 69-70.
Since the Fellows decision, both the Appellate Court and numerous judges of this court have continued to state that claims for damages are not permitted in summary process actions. See Carnese v. Middleton,27 Conn. App. 530, 535, 608 A.2d 700 (1992); Goodhall's, Inc. v. DaveCaron Chrysler Motors, L.L.C., Superior Court, judicial district of Tolland at Rockville, Docket No. 072639 (June 1, 2000, Sullivan, J.);Accord Ventures v. Wilson, Superior Court, judicial district of Hartford, Housing Session, Docket No. 105206 (December 29, 1999, Satter,J.T.R.); Foston v. DeJesus, Superior Court, judicial district of New Haven, Housing Session, Docket No. 50665 (January 21, 1998, Levin, J.);Curnan v. Newton, Superior Court, judicial district of Litchfield, Docket No. 185916 (August 15, 1997, Pickett, J.) (20 Conn.L.Rptr. 317, 318);Ordway v. Collins, Superior Court, judicial district of Waterbury, Housing Session, Docket No. 16448 (June 26, 1996, Jones, J.); Henesy v.Fleiss, Superior Court, judicial district of Stamford/Norwalk, Housing Session at Norwalk, Docket No. 12027 (April 26, 1996, Tierney, J.);Thibault v. Buckmiller, Superior Court, judicial district of Waterbury, Housing Session, Docket No. 8503 (December 31, 1991, Vertefeuille, J.).
In the present case, the defendant's counterclaim seeks monetary damages for injuries allegedly caused by the plaintiffs breach of a duty to repair the roof of the premises. Like the claim for damages inFellows, the counterclaim in the present case does not implicate the right to possession. Therefore, the counterclaim is not properly brought in the present summary process action.
The defendant argues, however, that General Statutes § 47a-33a, CT Page 5469 which was enacted after the Supreme Court's holding in Fellows, permits a summary process defendant to assert any defenses, not just those that implicate the right to possession. General Statutes § 47a-33a
provides: "In any action of summary process under this chapter, the tenant may present any affirmative legal, equitable or constitutional defense that the tenant may have."
By its own terms, § 47a-33a applies only to affirmative defenses, not counterclaims. An affirmative defense — called a special defense under our rules of practice — sets forth "[f]acts which are consistent with [the plaintiff's statements of fact] but show, notwithstanding, that the plaintiff has no cause of action. . . ." Practice Book § 10-50. In the present case, the plaintiff seeks only possession of the premises. As stated above, the defendant's counterclaim, seeking affirmative relief in the form of damages, does not implicate the right of possession, and therefore does not show that the plaintiff has no cause of action. Although this court is "not required to accept the label affixed to [a] pleading by a party"; Home Oil Co. v.Todd, 195 Conn. 333, 340, 487 A.2d 1095 (1985); the counterclaim in the present case is not a special or affirmative defense, either in name or in substance. Section 47a-33a is therefore inapplicable to the defendant's counterclaim.
Finally, the defendant attempts to save his counterclaim by characterizing it as a claim for setoff. "In Connecticut, a setoff may be legal or equitable in nature. . . . Legal setoff is governed by General Statutes § 52-139 et seq. and involves mutual debts between parties in any action: (1) to recover on a debt pursuant to § 52-139; (2) by an assignee of a non negotiable chose in action pursuant to General Statutes § 52-140; (3) for trespass to real or personal property or other tort committed without force pursuant to General Statutes §52-141; or (4) involving joint debtors pursuant to General Statutes § 52-142." (Citations omitted.) OCI Mortgage Corp. v. Marchese,255 Conn. 448, 463-64, 774 A.2d 940 (2001).
"When the statutes governing legal setoff do not apply, a party may be entitled to equitable setoff, nonetheless, only to enforce the simple but clear natural equity in a given case." (Internal quotation marks omitted.) Id., 464. "In the usual case, setoff is [t]he equitable right to cancel or offset mutual debts or cross demands . . . [and is] commonly used by a bank in reducing a customer's checking or other deposit account in satisfaction of a debt the customer owes the bank." (Internal quotation marks omitted.) Id., 464-65.
The present case does not fall within any of the categories of cases, enumerated above, in which a right to a legal setoff exists. CT Page 5470 Furthermore, because the plaintiff seeks only possession of the premises, this is not a case in which there are mutual debts or cross demands. Therefore, there is no right to an equitable setoff. In short, because the plaintiff does not seek monetary relief, there is no debt or demand by the plaintiff against which a setoff may be asserted. Moreover, as stated above, a claim for money damages is not properly asserted in a summary process action because it does not implicate the right to possession. Labeling such a claim as a setoff does not alter this conclusion.
 Conclusion
The defendant's counterclaim, seeking damages for the plaintiffs alleged breach of the lease, does not implicate the right to possession and therefore is not a proper counterclaim in a summary process action. Consequently, the plaintiffs motion to strike the counterclaim is hereby granted.
Robaina, J.